Filed 4/16/13  P. v. Macias CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARIO MACIAS,<br><br>    Defendant and Appellant. | F064650<br><br>(Super. Ct. No. BF137468A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael E. Dellostritto and Louis P. Etcheverry, Judges.[†]

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

---

[*]    Before Poochigian, Acting P.J., Detjen, J. and Franson, J.

[†]    Judge Dellostritto ruled on the *Pitchess* motion; Judge Etcheverry imposed sentence.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

On October 25, 2011, an amended information was filed in Kern County Superior Court, charging defendant Mario Macias with transporting heroin (Health & Saf. Code, § 11352; count 1), possessing heroin (*id*., § 11350, subd. (a); count 2), transporting methamphetamine (*id*., § 11379, subd. (a); count 3), possessing methamphetamine (*id*., § 11377, subd. (a); count 4), attempting to destroy or conceal evidence (Pen. Code, §§ 135, 664; counts 6 & 7), and falsely identifying himself to a peace officer (*id*., § 148.9, subd. (a); count 8).[1]  The current offenses were alleged to have occurred on or about July 3, 2011.  In addition, it was alleged defendant had suffered a prior drug conviction (Health & Saf. Code, § 11370.2, subd. (a)) and a prior conviction under the "Three Strikes" law (§§ 667, subds. (c)-(j), 1170.12, subds. (a)-(e)), and that he had served four prior prison terms (§ 667.5, subd. (b)).

On February 6, 2012, defendant entered into a plea agreement pursuant to which he pleaded no contest to counts 1 and 3, and admitted the prior drug conviction and strike allegations, on the condition that he receive a sentence of nine years in prison.  In return for the plea, the remaining counts and allegations were dismissed upon the People's motion.  On March 28, 2012, the court dismissed the prior strike conviction (§ 1385; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497), sentenced defendant to nine years in prison, and ordered him to pay various fees, fines, and assessments.  The court

---

[1]     Further statutory references are to the Penal Code unless otherwise stated. Count 5 was previously set aside pursuant to section 995.

2.

awarded 270 days of actual credit, plus 134 days of conduct credit, for a total of 404 days.

Defendant now seeks additional custody credits, as well as review of sealed peace officer personnel records and the trial court's ruling on disclosure thereof. We affirm.

## FACTS[2]

At approximately 10:31 a.m. on July 3, 2011, Bakersfield Police Officers Paiz and Shaff were on patrol in a marked patrol vehicle, when Paiz observed defendant leaning against the outside wall of La Rosa Market under a sign that said "no loitering." Paiz previously had investigated, and spoken to other officers about, narcotics sales in the area of the market. Defendant's activities were consistent with individuals engaged in the sale of narcotics.

Believing defendant to be loitering, the officers drove into the parking lot, whereupon defendant looked in their direction and then began to walk toward the front door of the business. As he did so, he moved his right hand to his front right pocket, then pulled out a green object. Based on his training and experience, Paiz formed an opinion about the object.

The officers pulled directly up to the front door of the business and exited the vehicle, and Paiz told defendant to stop. Defendant looked over his shoulder at the officers, then continued inside the store. Paiz and Shaff followed. Paiz saw defendant pull his hand away from the second shelf of a merchandise rack. Defendant then turned to Paiz and asked what was going on. Paiz detained him and handed him over to Shaff, then retrieved a green object from the display rack. The object was consistent with what Paiz had seen defendant remove from his pocket. Paiz also saw and seized a second object, which was a cigarlike clear tubing that had pieces of foil rolled up inside. The

---

**2**     The facts are taken from the transcript of the hearing on defendant's suppression motion, together with the probation officer's report.

green object was a balloon that contained tobacco, methamphetamine, and papers used to roll cigarettes. The foil inside the clear tubing contained tar heroin. In addition, approximately $101 was found on defendant. Paiz formed the opinion defendant possessed the narcotics for sale.

## DISCUSSION

## I

### CUSTODY CREDITS

Defendant admitted having suffered a prior strike conviction, to wit, a violation of section 460, subdivision (a) (first degree burglary). First degree burglary constitutes a serious felony under section 1192.7, subdivision (c)(18).

At the time defendant committed his current offenses, section 2933 allowed a prisoner sentenced to state prison under section 1170 to have one day deducted from his or her sentence for every day he or she served in a county jail from the date of arrest until state prison credits became applicable, except that section 4019, and not section 2933, applied to a prisoner with a prior conviction for a violent or serious felony. (§ 2933, former subd. (e)(1), (3), as amended by Stats. 2010, ch. 426, § 1, eff. Sept. 28, 2010.) Under section 4019 as it then read, prisoners were entitled to presentence credits in an amount such that six days were deemed to have been served for every four days spent in actual custody. (§ 4019, former subds. (b), (c) & (f), as amended by Stats. 2010, ch. 426, § 2, eff. Sept. 28, 2010, & subd. (g).) Defendant was awarded credits calculated by means of the former section 4019 formula for his entire period of presentence incarceration.[3]

---

[3] The trial court's dismissal of the prior strike conviction pursuant to section 1385 did not permit that court to disregard the "historical facts" that disqualified defendant from earning day-for-day conduct credits under former section 2933. (See *People v. Lara* (2012) 54 Cal.4th 896, 900-901, 906-907.)

4.

By the time defendant was sentenced, section 2933 had been amended to delete references to section 4019 and calculation of presentence credits. (Stats. 2011-2012, 1st Ex. Sess., ch. 12, § 16, eff. Sept. 21, 2011, operative Oct. 1, 2011.) Section 4019 was also amended prior to sentencing. Subdivision (f) of the statute now provides: "It is the intent of the Legislature that if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody." (§ 4019, subd. (f), as amended by Stats. 2011, ch. 15, § 482, eff. Apr. 4, 2011, operative Oct. 1, 2011, & Stats. 2011, ch. 39, § 53, eff. June 30, 2011, operative Oct. 1, 2011.) Thus, section 4019 now provides for day-for-day credits for defendants — even those with prior strike convictions — who serve presentence time in county jail. The only exceptions are defendants with current violent felony or murder convictions (§§ 2933.1, 2933.2; see *People v. Nunez* (2008) 167 Cal.App.4th 761, 765), which defendant does not have (see § 667.5, subd. (c)).

Defendant contends he is entitled to presentence custody credits calculated pursuant to current section 4019 from October 1, 2011 (the operative date of the amendment) through March 28, 2012 (the date defendant was sentenced).[4] He

---

[4]  Defendant unsuccessfully sought recalculation of credits in the trial court pursuant to section 1237.1, although we since have held that statute does not apply to a claim such as the one raised here. (See *People v. Delgado* (2012) 210 Cal.App.4th 761, 764, 766.)

Because defendant appealed following a no contest plea, in order for his appeal to be operative he was required to obtain a certificate of probable cause or his notice of appeal had to state the appeal was based on denial of a motion to suppress evidence under section 1538.5 or grounds that arose after entry of the plea and that did not affect the plea's validity. (§ 1237.5; Cal. Rules of Court, rule 8.304(b); *People v. Mendez* (1999) 19 Cal.4th 1084, 1088.) Miscalculation of presentence custody credits is not an issue that requires a certificate of probable cause (see *Mendez*, *supra*, at p. 1093), and defendant's notice of appeal stated the appeal was based on denial of a suppression motion. That it did not also state it was based on the sentence or other matters occurring after the plea neither rendered the appeal inoperative nor precluded defendant from raising the time credits issue. (*People v. Jones* (1995) 10 Cal.4th 1102, 1105, 1108-1110, disapproved on another ground in *In re Chavez* (2003) 30 Cal.4th 643, 656.)

recognizes the statutory changes from which he seeks to benefit expressly "apply prospectively and … to prisoners who are confined to a county jail … for a crime committed on or after October 1, 2011," while "[a]ny days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (§ 4019, subd. (h).) He argues, however, that under this language and *People v. Brown* (2012) 54 Cal.4th 314 (*Brown*), he was entitled to earn day-for-day credit beginning October 1, 2011.

In *Brown*, the California Supreme Court addressed the question whether the amendment to section 4019 that became effective on January 25, 2010, applied prospectively only. As defendant observes, the court stated: "To apply former section 4019 prospectively necessarily means that prisoners whose custody overlapped the statute's operative date (Jan. 25, 2010) earned credit at two different rates.… Credits are determined and added to the abstract of judgment at the time of sentencing, but they are *earned* day by day over the course of a defendant's confinement as a predefined, expected reward for specified good behavior. Having been earned, credits obtain a kind of permanency, as they may not be lost except for misconduct. [Citations.]" (*Brown*, *supra*, 54 Cal.4th at p. 322.)

While it may be, as defendant says, that the foregoing quote shows the state high court has acknowledged multiple conduct-earning rates can apply in the same case, *Brown* was discussing the January 25, 2010, amendment to section 4019. That amendment — unlike the amendment that became operative October 1, 2011 — said nothing about whether the Legislature intended it to apply retroactively or prospectively. (*Brown*, *supra*, 54 Cal.4th at p. 320; *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 52, fn. 4.) *Brown* thus does not assist defendant.

In *People v. Ellis* (2012) 207 Cal.App.4th 1546 (*Ellis*), this court relied heavily on *Brown* to hold that the October 1, 2011, amendment to section 4019 applies only to eligible prisoners whose crimes were committed on or after that date, and that such

6.

prospective-only application neither runs afoul of rules of statutory construction nor violates principles of equal protection. (*Ellis*, *supra*, at pp. 1548, 1550-1552.) We further rejected the notion that a purported ambiguity in subdivision (h) of section 4019 should be resolved by applying the liberalized credit-earning scheme both to prisoners confined for crimes committed after October 1, 2011, and to prisoners confined after that date for earlier crimes. (*Ellis*, *supra*, at p. 1553.)

Defendant admits *Ellis* is directly on point, but asks us to reconsider the position we took in that opinion. We decline to do so. First, the California Supreme Court has granted review in *People v. Olague*, the case (other than *Brown*) on which defendant relies for the proposition that prisoners who committed their crimes prior to October 1, 2011, earn day-for-day credit beginning on that date despite the Legislature's declaration of prospective-only application in subdivision (h) of section 4019. (*People v. Olague* (2012) 205 Cal.App.4th 1126, review granted Aug. 8, 2012, S203298, review dism. & case remanded Mar. 20, 2013.) *Olague* may no longer be cited as precedent. (Cal. Rules of Court, rules 8.1105(e)(1), 8.1115(a).) Second, in our view, the state high court has strongly signaled its conclusion that the enhanced credit-earning rate presently available under section 4019 is available *only* to prisoners who committed their crimes on or after October 1, 2011, and that equal protection is not thereby denied, because prisoners who serve pretrial detention before and after the law's effective date are not similarly situated with respect to the law's purpose. (See *People v. Lara, supra,* 54 Cal.4th at p. 906, fn. 9.) Third, even cases that have found it appropriate to undertake an equal protection analysis have refused to apply the more liberal credit-earning rate to prisoners who were in presentence custody at the time of the amendment. (*People v. Rajanayagam, supra,* 211 Cal.App.4th at pp. 52-56; *People v. Verba* (2012) 210 Cal.App.4th 991, 995-997.)

Because defendant committed his offenses prior to October 1, 2011, the amendment to section 4019 that became operative on that date does not benefit him, even

with respect to time spent in presentence custody on and after that date. It follows that his presentence custody credits were properly calculated.

## II

### DISCLOSURE OF PEACE OFFICER PERSONNEL RECORDS

**A.     Background**

Prior to trial, defendant filed a motion, pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*), for discovery of information contained in the personnel records of Officer Paiz. Specifically, defendant sought (1) the names, addresses, and telephone numbers of all persons filing complaints against Paiz, including, but not limited to, complaints for acts indicating or constituting dishonesty, false arrest, and/or the fabrication of charges, reports, and/or evidence; (2) the dates such complaints were filed; and (3) whether any disciplinary action was taken against Paiz as a result, and the nature of such discipline. The City of Bakersfield and the officer opposed the motion, except with respect to citizen complaints for dishonesty as to false reporting. As to that category, it was conceded defendant had made a sufficient showing to justify an in camera review.

The trial court found defendant had made a sufficient showing relative to dishonesty in connection with false report writing, and that false report writing implicated the notion there was a fabrication of evidence. Accordingly, it decided to conduct an in camera review of Paiz's records with respect to false reporting and fabrication of evidence. At the conclusion of that hearing, the court ordered discoverable materials, if any, to be provided to counsel, and it ordered the transcript of the in camera proceedings sealed.

8.

Defendant now asks us to conduct an independent review of the sealed *Pitchess* material to determine whether all relevant material was disclosed to the defense. The Attorney General agrees we must conduct such a review.[5]

## B. Analysis

A criminal defendant has a limited right to discovery of peace officer personnel records and records of citizen complaints against peace officer personnel that are maintained pursuant to section 832.5; such records are confidential and can only be discovered pursuant to Evidence Code sections 1043 and 1045. (§ 832.7; *Giovanni B. v. Superior Court* (2007) 152 Cal.App.4th 312, 318.) A defendant is entitled to discovery of relevant information from the confidential records upon a showing of good cause, which exists "when the defendant shows both '"materiality" to the subject matter of the pending litigation and a "reasonable belief" that the agency has the type of information sought.' [Citation.]" (*People v. Gaines* (2009) 46 Cal.4th 172, 179.)

If a defendant establishes good cause, the custodian of records should bring to court all documents that are potentially relevant to the defendant's motion. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1226.) The trial court must then review the records in camera to determine what information, if any, should be disclosed. Subject to the exceptions and limitations contained in Evidence Code section 1045, subdivisions (b) through (e), the court must disclose to the defendant such information as is relevant to the

---

[5]     Claims involving denial of a discovery motion generally are not cognizable on appeal following a guilty or no contest plea. (See *People v. Hunter* (2002) 100 Cal.App.4th 37, 42.) Because defendant made a motion to suppress evidence, however, and the trial court's ruling on the *Pitchess* motion was intertwined with litigating the legality of the search and seizure in this case, we agree with the parties that defendant's *Pitchess* claim is properly before us, even without a certificate of probable cause. (See *People v. Collins* (2004) 115 Cal.App.4th 137, 150-151; *People v. Hunter, supra,* 100 Cal.App.4th at pp. 42-43; see also § 1538.5, subd. (m).)

9.

subject matter involved in the litigation.[6] (*People v. Gaines, supra,* 46 Cal.4th at p. 179.) A trial court is afforded wide discretion in ruling on a motion for access to law enforcement personnel records, and we will reverse only on a showing of abuse of that discretion. (*People v. Hughes* (2002) 27 Cal.4th 287, 330; *People v. Samayoa* (1997) 15 Cal.4th 795, 827; *Haggerty v. Superior Court* (2004) 117 Cal.App.4th 1079, 1086; see *Pitchess*, *supra*, 11 Cal.3d at p. 535.)

The record of the trial court's in camera examination of the officer's records is adequate for our review, and demonstrates the court followed the proper procedure. (See *People v. Mooc, supra,* 26 Cal.4th at pp. 1228-1229.) Moreover, we have independently reviewed Paiz's sealed files, which have been made part of the record on appeal but which have not been disclosed to counsel for either party. Our review "reveals no materials [that were not disclosed, but that were] so clearly pertinent to the issues raised by the *Pitchess* discovery motion that failure to disclose them was an abuse of *Pitchess* discretion. Accordingly, we conclude the trial court properly exercised its discretion" by disclosing only information concerning two particular complaints. (*People v. Samayoa, supra,* 15 Cal.4th at p. 827; see also *People v. Hughes, supra,* 27 Cal.4th at p. 330.)

## DISPOSITION

The judgment is affirmed.

---

**6** For our purposes, the pertinent limitations are contained in subdivision (b) of Evidence Code section 1045, which excludes from disclosure "(1) Information consisting of complaints concerning conduct occurring more than five years before the event or transaction that is the subject of the litigation in aid of which discovery or disclosure is sought. [¶] (2) In any criminal proceeding the conclusions of any officer investigating a complaint filed pursuant to Section 832.5 of the Penal Code. [¶] (3) Facts sought to be disclosed that are so remote as to make disclosure of little or no practical benefit."