[No. C034939. Third Dist. July 11, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVEN MUNOZ HUNTER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Factual and Procedural Background and part II of the Discussion.

**COUNSEL**

Scott Concklin, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger and Doris A. Calandra, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MORRISON, J.**—Defendant appeals the denial of his motion for discovery of information about the confidential informant upon whom officers relied in obtaining a search warrant that uncovered incriminating evidence. Although

defendant obtained a certificate of probable cause (Pen. Code, § 1237.5[1]), he failed to bring a motion to suppress the evidence in the trial court before he pleaded guilty. In the published portion of this opinion, we conclude defendant's challenge is not cognizable on appeal because the claimed error of the denial of his discovery motion does not go to the legality of the proceedings and defendant failed to move to suppress the evidence under section 1538.5, subdivision (m). In the unpublished portion, we impose mandatory fines and fees omitted by the trial court.

FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I.  *Discovery Motion*

As an initial matter, we must determine whether defendant's guilty plea, and his failure to bring a motion to suppress the evidence uncovered in the execution of the search warrant, precludes our review of the trial court's denial of defendant's motion for discovery about the informant who provided officers with information that supports the search warrant.[2]

The People argue section 1538.5, subdivision (m) bars this appeal because the defendant failed to file a motion to suppress the evidence uncovered by the search warrant. Defendant, on the other hand, argues appellate review of the denial of his discovery motion is not barred because it challenges the propriety of the search warrant and he obtained a certificate of probable cause under section 1237.5. We agree with the People.

" 'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.' [Citations.]" (*People v. Mazurette* (2001) 24 Cal.4th 789, 792 [102 Cal.Rptr.2d 555, 14 P.3d 227].)

To resolve the question of appealability, we must first examine three separate statutes: sections 1237, 1237.5, and 1538.5, subdivision (m).

Section 1237, subdivision (a) provides in relevant part: "An appeal may be taken by the defendant: [¶] (a) From a final judgment of conviction

---

[1]Further unspecified section references are to this code.

*See footnote, *ante,* page 37.

[2]On our own motion, we requested supplemental briefing from the parties on this question.

except as provided in Section 1237.1 and Section 1237.5." This section thus establishes "the general rule that a criminal defendant can appeal only from final judgments and those orders deemed by statute to be final judgments." (*People v. Mazurette, supra,* 24 Cal.4th at p. 792.)

Section 1237.5, in turn, provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk." ▮ Section 1237.5 is an exception to the general rule that appeals may not be brought by defendants who have pleaded guilty or nolo contendere. This section provides the general rule that defendants who have pleaded guilty must obtain a certificate of probable cause before they may bring an appeal.

Penal Code Section 1538.5, subdivision (m) states: "The proceedings provided for in this section, and Sections 871.5, 995, 1238, and 1466 shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion for the return of property or the suppression of evidence is a defendant in a criminal case and the property or thing has been offered or will be offered as evidence against him or her. A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that the judgment of conviction is predicated upon a plea of guilty. *Review on appeal may be obtained by the defendant provided that at some stage of the proceedings prior to conviction he or she has moved for the return of property or the suppression of the evidence.*" (Italics added.) ▮ This section is an exception to section 1237.5's procedural requirement of a certificate of probable cause for defendants who have entered guilty or nolo contendere pleas. (*People v. Meyer* (1986) 183 Cal.App.3d 1150, 1156 [228 Cal.Rptr. 635].) ▮ Defendant did not bring a motion for the return of property or to suppress evidence, so the provision of section 1538.5 allowing him to appeal does not provide a statutory basis for this appeal.

Thus, in this appeal, defendant may raise only those issues cognizable on appeal when a defendant obtains a certificate of probable cause under section 1237.5. ▮ "'Obtaining a certificate of probable cause [however] does not make cognizable those issues which have been waived by a

plea of guilty.' " (*People v. Meyer, supra,* 183 Cal.App.3d at p. 1157.) Under section 1237.5, "only 'constitutional, jurisdictional, or other grounds going to the legality of the proceedings,' survive a guilty plea." (*Meyer,* at p. 1157.) ▮▮ We must determine whether the claimed erroneous denial of a discovery motion brought by defendant is a constitutional, jurisdictional, or other ground going to the legality of the proceedings. If it is, defendant may challenge this denial on appeal. If not, defendant's challenge is waived by his plea of guilty.

▮▮ "By pleading guilty, a defendant admits the sufficiency of the evidence establishing the crime, and is therefore not entitled to a review on the merits. [Citations.] '[I]ssues which merely go to the guilt or innocence of a defendant are "removed from consideration" by entry of the plea.' [Citation.] Thus, claims involving sufficiency of the evidence [citation], voluntariness of an extrajudicial statement [citation], a trial court's refusal to disclose the identity of an informant [citation], fairness of a pretrial lineup [citation], and other such issues have been held not cognizable on appeal following a guilty plea. The following particular errors have been reviewed following a plea of guilty: insanity at the time of the plea [citation]; ineffective assistance of counsel [citation]; ineffective waiver of constitutional rights [citation]; erroneous denial of pretrial diversion right [citation]; failure of prosecution to seek restitution before filing criminal charges in a welfare fraud case [citation]; violation of Interstatement [*sic*] Agreement on Detainers which bars prosecution [citation]." (*People v. Meyer, supra,* 183 Cal.App.3d at pp. 1157-1158.)

▮▮ Here, the appeal of the instant discovery motion does not raise an issue going to the legality of the proceedings. The motion is legally indistinguishable from the nonappealable determinations of the voluntariness of an extrajudicial statement or the fairness of a pretrial lineup described in *People v. Meyer, supra,* 183 Cal.App.3d at pages 1157-1158. Further, the motion is identical to the nonappealable determination of a trial court's refusal to disclose the identity of an informant. (*People v. Hobbs* (1994) 7 Cal.4th 948, 956 [30 Cal.Rptr.2d 651, 873 P.2d 1246] [citing *People v. Castro* (1974) 42 Cal.App.3d 960, 963 [117 Cal.Rptr. 295] (order denying discovery of the identity of the informant in effort to show informant was the guilty party was not cognizable on appeal because it implicated defendant's guilt)].) The common thread in these cases is a challenge to the legality of the evidence-gathering process which could then lead to exclusion of evidence that is relevant to the issue of guilt. We conclude the instant motion is not cognizable on appeal.

Our Supreme Court determined the question of whether the denial of a motion to disclose the sealed portions of a search warrant affidavit and to

discover the identity of the informant for purposes of challenging a search warrant was cognizable on appeal after the defendant pleaded no contest. (*People v. Hobbs, supra,* 7 Cal.4th at pp. 955-957.) The defendant in *Hobbs*, however, subsequently filed a motion to suppress the evidence uncovered by the warrant, making her appeal cognizable under section 1538.5, subdivision (m) without a certificate of probable cause. (*People v. Hobbs, supra,* 7 Cal.4th at p. 957.) Thus, the *Hobbs* court was not confronted with, nor did it address, the propriety of the appeal under section 1237.5. (*Hobbs,* at pp. 955-956.)

Because we determine the issue tendered is not properly cognizable on appeal, we do not address defendant's related contention that defendant has been denied the right to effective assistance of counsel on appeal because his attorney was unable to review the sealed trial court transcripts of the proceedings on the *Hobbs* motion.

II.   *Fines**

. . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is modified to impose a $50 criminal laboratory analysis fee, a $50 state penalty assessment and a $35 county penalty assessment. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting these modifications, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections.

Scotland, P. J., and Sims, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 16, 2002.

---

*See footnote, *ante*, page 37.