Filed 7/24/13  P. v. Cass CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CLIFTON ASHLEY CASS,<br><br>    Defendant and Appellant. | B240039<br><br>(Los Angeles County<br>Super. Ct. No. GA082766) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Clifton Ashley Cass appeals from the judgment entered following his pleas of guilty to count 1 – possession of cocaine base for sale (Health & Saf. Code, § 11351), count 3 – possession of an assault weapon (Pen. Code, § 12280, subd. (b)), and count 7 – possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1)) with an admission he suffered a prior felony conviction (Pen. Code, § 667, subd. (d)), following the denial of a suppression motion (Pen. Code, § 1538.5). The court sentenced appellant to prison for 10 years 4 months. We affirm the judgment.

## *ISSUES*

Appellant (1) claims the trial court erroneously denied his motion to traverse the search warrant, (2) asks this court to review the sealed *Hobbs* attachment to the search warrant, and (3) asks this court to review the sealed transcript of the in camera proceedings pertaining to his *Pitchess* motion.

## *DISCUSSION*

1. *The Trial Court Properly Denied Appellant's Motion to Traverse the Search Warrant(s) and Fulfilled Its Hobbs Responsibilities.*

a. *Pertinent Facts.*[1]

(1) *Proceedings Prior to the Filing of the Notice of Appeal.*

The nonconfidential record reflects as follows. On March 15, 2011, Judge Beverly Reid O'Connell issued a search warrant in this case. On March 22, 2011, Judge Craig Richman issued a second search warrant. On July 25, 2011, appellant filed a motion to traverse "warrant" and suppress evidence. The motion sought suppression of all evidence seized from, inter alia, 1967 Park Rose Avenue, Duarte, California, "during the service of that warrant on March 15, 2011." (This was apparently appellant's home address.)

---

[1] The facts of the offenses are not pertinent to this appeal. Suffice it to say on March 15, 2011, appellant committed the above offenses, evidence of which deputies discovered following a traffic stop.

2

The memorandum of points and authorities indicated as follows. Based on reports received in this case, it appeared the People were relying on statements by an investigating officer, Detective Gabriel Navarro. He swore under penalty of perjury that he believed appellant was a drug dealer based on observations made following appellant's arrest for a traffic violation. When law enforcement personnel stopped appellant and searched his vehicle, they found cocaine base. Appellant later made statements which led Navarro to believe appellant was a cocaine dealer and a large quantity of cocaine would be found in appellant's home.

The memorandum then stated, "Not included in the search warrant affidavit was the quantity of cocaine found on the defendant at the traffic stop. It was in fact .77 gm, a small quantity, even for a casual user and certainly not enough to raise the suspicions of a reasonable police officer that it was possessed for sale. [¶] It must be noted that this was a *Hobbs* warrant and that a portion of the affidavit has been sealed so that Counsel cannot determine if probable cause for the search warrant is [shown] therein. The Court is urged to unseal the balance of the affidavit and review it for such content. [¶] It is the defense position that if these misstatements were deleted and the truth inserted and the statements unlawfully seized from [appellant] deleted from the affidavit, there would not have been sufficient probable cause to support the issuance of the warrant."

On July 25, 2011, the court scheduled a hearing for September 1, 2011, on the motion. On July 26, 2011, the People filed an opposition that asserted that on March 15, 2011, appellant was driving a Cadillac Escalade when he was stopped for a traffic violation. Los Angeles County sheriff's deputies recovered "two baggies which contained what appeared to be rock cocaine along with six empty plastic bags from the vehicle's interior." On March 15, 2011, Navarro prepared a search warrant and Judge O'Connell signed it. The People argued in the written opposition that the court should deny the motion because it was based solely upon the unsworn statements of defense counsel.

On September 1, 2011, the court, Judge Laura F. Priver, presiding, heard the motion. The court indicated there were two search warrants. Moreover, although the record is not a model of clarity, fairly read, the record of a colloquy between the court and appellant's counsel indicates the warrant issued on March 15, 2011, by Judge O'Connell was a "non-*Hobbs*" warrant, there was "*Hobbs* approval" on the warrant issued on March 22, 2011, by Judge Richman, and evidence recovered during the execution of the first warrant led to the issuance of the second warrant.

After that colloquy, the court (Judge Priver) asked if it had received "the entirety of the warrant." The prosecutor (Los Angeles County Deputy District Attorney Robert Cheleden) indicated, inter alia, he had not been aware that the court had "wanted the *Hobbs* portion." The court stated "I have not reviewed the other portion." The prosecutor replied, "It's a two-page document." The court later stated, "It would make it easier for me, if that's okay. I can do it at the bench since it's short." The reporter's transcript of this hearing, after reflecting the above information, states, "the court is reviewing documents." The reporter's transcript reflects the court then stated, "Let me give this back," and the bailiff replied yes.

Appellant reiterated his argument in his written motion and appellant's counsel stated he was referring to "the warrant based on information that was gathered following the traffic stop."[2] Although the record is not entirely clear, it reflects, fairly read, that appellant was referring to the omission of the quantity of narcotics from the affidavit supporting the March 11, 2011 warrant, not the omission of that quantity from the

---

[2]     Appellant's written motion filed on July 25, 2011, sought to traverse the warrant and suppress evidence on the sole ground the affiant omitted from the supporting affidavit the quantity of narcotics recovered from appellant. At the September 1, 2011 hearing on the motion, appellant's counsel indicated that at the time he noticed the motion, he told the court he was concerned not only about "the ultimate warrant" but the traffic stop the fruits of which led to the warrant. The court asked appellant to address, at the September 1, 2011 hearing, the issue of the warrants, and appellant did so.

4

supporting affidavit of the March 22, 2011 warrant. Appellant conceded the latter warrant relied on *Hobbs*[3] attachments to which he did not have access.

After further argument, the court stated, "We'll I'm going to deny the motion to traverse, number one. I don't think you've met the initial showing. [¶] I've reviewed the entirety of the search, including the post-search portion. The court finds there is probable cause."[4] Neither appellant's written motion to traverse, the People's written opposition thereto, nor the reporter's transcript of the September 1, 2011 hearing on the motion reflects whether the March 15, 2011, or March 22, 2011 search warrants were sealed at the time they were issued.

(2) *Proceedings Following the Filing of the Notice of Appeal.*

After appellant filed his notice of appeal in this case, appellant, through his appellate counsel, Richard L. Fitzer, filed on July 12, 2012, a motion to augment the record in this case. Appellant sought to augment the record with the "search warrant and accompanying affidavit(s) signed by Judge [O'Connell] on March 15, 2011" (some capitalization omitted) and the "search warrant and accompanying affidavit(s) signed by Judge [Richman] on March 22, 2011" (some capitalization omitted). On August 1, 2012, this court issued an order directing the superior court clerk to prepare an augmented clerk's transcript containing each "search warrant and accompanying affidavit." (Some capitalization omitted.) On August 6, 2012, the clerk of the superior court certified that "a thorough search of the Superior Court file failed to produce" either "search warrant and accompanying affidavit." (Some capitalization omitted.)

---

**3**     *People v. Hobbs* (1994) 7 Cal.4th 948 (*Hobbs*).

**4**     The court later continued the case to September 23, 2011, for a Penal Code section 1538.5 suppression hearing concerning whether the traffic stop was valid (see fn. 2, *ante*) and, on that date, the court denied that motion. The issue of the validity of the trial court's denial of the suppression motion to the extent it was based on a challenge to the legality of the traffic stop is not at issue in this appeal.

5

On September 4, 2012, appellant filed with this court a motion that this court order the superior court to settle the record or find it could not be settled. On October 3, 2012, this court granted the motion.

An October 23, 2012 minute order from Judge Priver reflects as follows. "Pursuant to order from the Court of Appeal filed October 3, 2012; this court through Deputy District Attorney Robert Cheleden, directed the investigating officer to provide unredacted copies of the search warrants and supporting affidavits to the court in order to settle the record. Pursuant to that request, the court received the unredacted search warrants and the supporting affidavits signed by Judge [O'Connell] and Judge [Richman]. Upon receipt of these documents this court reviewed the documents. The search warrants and supporting affidavits are the documents reviewed by this court as part of the motion held on September 1, 2011."

The order continues, "This court orders copies of the search warrants an[d] supporting affidavits sent to the Court of Appeal, Attorney General and counsel for the appella[nt], Clifton Cass. This court further orders the attorney general and counsel for the appella[nt] not to disclose any previously sealed portions of the search warrants and supporting affidavits to anyone without prior approval of the Court of Appeal. [¶] A copy of this minute order and the above mentioned search warrants and supporting affidavits are sent to the following in an envelope with postage prepaid addressed as follows." The names and addresses of this court, the Attorney General, and Fitzer are then listed.

On December 6, 2012, this court issued an order reflecting the following. On October 3, 2012, this court directed the superior court to settle the record. On October 23, 2012, the superior court complied with that order and thereafter "submitted the settled documents and minute order to this Court in an unsealed condition."

The order of this court issued December 6, 2012, then states, "The documents have been returned to the Criminal Appeals Section of the Superior Court, which is hereby directed to forward documents to [Judge Priver] . . . . The clerk of the Superior

6

Court shall determine which documents were ordered sealed, place them in a sealed envelope and return the envelope containing the documents to the Criminal Appeals Section of the Superior Court, which in turn shall forward the envelope to this court forthwith."

On December 11, 2012, an augmented clerk's transcript was filed in this court. It contains a December 7, 2012 minute order of Judge Priver, and a copy of the front and back of a sealed envelope. The December 7, 2012 minute order of Judge Priver reflects, "Pursuant to the order of the Court of Appeal dated 12-6-12, this court orders the unredacted search warrant signed by Judge [O'Connell] dated March 15, 2011 and Judge [Richman] dated March 22, 2011 be sealed in their entirety. The court further orders the sealed documents returned to the appeal section of the Los Angeles Superior Court which shall pursuant to the order of the Court of Appeal forward it forthwith to that court." (Some capitalization omitted.) The copy of the front of the above mentioned sealed envelope reflects the present case name, and the statement "Sealed 12/7/12 [¶] Search Warrants Enclosed."

This court has the sealed search warrant issued on March 15, 2011, by Judge O'Connell and the sealed search warrant issued on March 22, 2011, by Judge Richman.

b. *Analysis.*

(1) *The Trial Court Properly Denied Appellant's Motion to Traverse.*

"In *Franks v. Delaware* (1978) 438 U.S. 154 [98 S.Ct. 2674, . . . ], the United States Supreme Court held that a defendant may challenge the veracity of statements contained in an affidavit of probable cause made in support of the issuance of a search warrant. When presented with such a challenge, the lower courts must conduct an evidentiary hearing *if a defendant makes a substantial showing that: (1) the affidavit contains statements that are deliberately false or were made in reckless disregard of the truth* and (2) the affidavit's remaining contents, after the false statements are excised, are insufficient to justify a finding of probable cause. At the evidentiary hearing, if the statements are proved by a preponderance of the evidence to be false or reckless, they

7

must be considered excised. If the remaining contents of the affidavit are insufficient to establish probable cause, the warrant must be voided and any evidence seized pursuant to that warrant must be suppressed. (*Id*. at pp. 155-156 . . . .)" (*People v. Bradford* (1997) 15 Cal.4th 1229, 1297, italics added.)

"A defendant who challenges a search warrant based on *omissions* in the affidavit bears the burden of showing an intentional or reckless omission of material information that, when added to the affidavit, renders it insufficient to support a finding of probable cause." (*People v. Scott* (2011) 52 Cal.4th 452, 484.) A defendant must show the affiant omitted the information "with the deliberate intention to create a false impression or with reckless disregard for the truth." (*Id.* at p. 485.) The defendant must make the substantial showing by a preponderance of the evidence. (*Id.* at p. 484.)

"Moreover, 'there is a presumption of validity with respect to the affidavit. To merit an evidentiary hearing[,] the defendant['s] attack on the affidavit must be more than conclusory and must be supported by more than a mere desire to cross-examine. . . . The motion for an evidentiary hearing must be "accompanied by an offer of proof . . . [and] should be accompanied by a statement of supporting reasons. Affidavits or otherwise reliable statements of witnesses should be furnished," or an explanation of their absence given. [Citation.]' (*People v. Sandlin* [(1991)] 230 Cal.App.3d [1310,] 1316, quoting *Franks, supra*, 438 U.S. at p. 171 . . . .) [¶] 'Mere conclusory contradictions of the affiant's statements are insufficient for the "substantial preliminary showing" *Franks* requires.' (*People v. Sandlin*, *supra*, 230 Cal.App.3d at p. 1318.)" (*People v. Benjamin* (1999) 77 Cal.App.4th 264, 272 (*Benjamin*).)

Absent the requisite substantial showing, a defendant is not entitled to an evidentiary hearing on a motion to traverse, and the motion is properly denied. (Cf. *Benjamin*, *supra*, 77 Cal.App.4th at pp. 267, 277.) We review such a denial de novo. (*People v. Panah* (2005) 35 Cal.4th 395, 457-458.)

8

In the present case, appellant, through his written motion, and by his counsel's representations at the September 1, 2011 hearing, essentially indicated as follows. Based on reports, it appeared the affiant for the search warrant executed on March 15, 2011, believed appellant was a drug dealer. The affiant based this belief on cocaine base recovered from appellant's car following a traffic violation and based on certain statements appellant later made. However, the supporting affidavit omitted the fact the cocaine base weighed .77 grams.

Neither appellant's written motion nor appellant's counsel at the hearing indicated where appellant's counsel obtained the information about the alleged omission. Neither the written motion nor appellant's counsel at the hearing stated the allegedly omitted information was omitted deliberately or in reckless disregard for the truth. Affidavits or otherwise reliable statements of witnesses were not furnished, nor was an explanation of their absence given. Appellant had the burden of showing any omissions were material. We note the prosecutor's written opposition indicated deputies recovered two baggies containing apparent rock cocaine plus six empty plastic bags. The trial court did not err by denying appellant's motion to traverse absent an evidentiary hearing.

(2) *The Trial Court Properly Denied Appellant's Motions to Unseal the Hobbs Attachment and to Suppress Evidence.*

The nonconfidential record reflects as follows. The motion to traverse which appellant filed on July 25, 2011, stated, "[i]t must be noted that this was a *Hobbs* warrant and that a portion of the affidavit has been sealed so that Counsel cannot determine if probable cause for the search warrant is [shown] therein. The Court is urged to unseal the balance of the affidavit and review it for such content." At the September 1, 2011 hearing on the motion to traverse, Judge Priver indicated there was "*Hobbs* approval" on the search warrant issued on March 22, 2011, by Judge Richman. Moreover, fairly read, the record of that September 1, 2011 hearing reflects there was a "*Hobbs* attachment(s)" consisting of two pages which Judge Priver read to herself on the bench on that date. The

9

record also reflects Judge Priver returned that attachment to the prosecutor before Judge Priver heard argument on the motion to traverse and denied the motion.

Appellant asks this court to review independently the sealed two-page *Hobbs* attachment to determine whether Judge Priver properly failed to unseal the *Hobbs* attachment and properly denied appellant's motion to traverse.

We have reviewed the sealed two-page *Hobbs* attachment, the March 15, 2011 search warrant issued by Judge O'Connell, the March 22, 2011 search warrant issued by Judge Richman, and the affidavits in support of those warrants.[5] We are satisfied the trial court properly denied appellant's motion to unseal the sealed two-page *Hobbs* attachment. Moreover, we conclude it was not reasonably probable appellant could have prevailed on any motion to traverse the warrant(s) and suppress evidence; therefore, the court properly denied those motions. (Cf. *Hobbs, supra,* 7 Cal.4th at pp. 975-977.)

2. *The Trial Court Fulfilled Its Responsibilities Under Pitchess.*

The nonconfidential record reflects as follows. On October 11, 2011, appellant filed a motion pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (hereafter, *Pitchess* motion) seeking various information in the personnel files of Los Angeles County Sheriff Deputies Garcia and Palmieri (the deputies who conducted the underlying traffic stop) that was "relevant to defendant's defense to the charges of violating . . . possession for sale of a controlled substance." The motion indicated appellant sought the information to locate witnesses who could impeach the deputies at a jury trial, provide information which could be used to cross-examine them at trial, or provide information leading to other admissible evidence. The motion did not expressly seek the information to challenge either of the search warrants. The November 4, 2011 minute order reflects the court scheduled a November 16, 2011 "in camera hearing as to the limited issue of facts as they relate to the probable cause for the stop." The November 16, 2011 minute

---

[5]     Pursuant to this court's June 27, 2013 order, Deputy Attorney General Mary Sanchez delivered the sealed two-page *Hobbs* attachment(s) to this court in camera on July 18, 2013. This court then reviewed in camera said sealed *Hobbs* attachment(s), then immediately returned it in camera to Deputy Attorney General Mary Sanchez.

10

order reflects the court concluded there was discoverable material and the court ordered that it be provided to appellant's trial counsel. The trial court did not indicate there was any other discoverable information. The trial court ordered sealed the transcript of the in camera hearing.

Appellant claims this court should review the record pertaining to the *Pitchess* motion to determine whether the trial court erred by not concluding there was additional discoverable information. The claim is unavailing. Appellant waived the issue by his pleas of guilty. (Cf. *People v. Collins* (2004) 115 Cal.App.4th 137, 148; *People v. Hunter* (2002) 100 Cal.App.4th 37, 40-43.) The *Pitchess* motion was not intertwined with his Penal Code section 1538.5 suppression motion(s).[6]

Even if the *Pitchess* issue was not waived, trial courts are granted wide discretion when ruling on motions to discover police officer personnel records. (*People v. Samayoa* (1997) 15 Cal.4th 795, 827; *People v. Memro* (1995) 11 Cal.4th 786, 832.) We have reviewed the contents of the sealed transcript of the November 16, 2011 in camera *Pitchess* hearing. The transcript constitutes an adequate record of the trial court's review of any document(s) provided to the trial court during the in camera hearing, and said transcript fails to demonstrate the trial court abused its discretion by failing to disclose any additional information. (Cf. *Samayoa*, at p. 827; see *People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1230, 1232.) The trial court fulfilled its responsibilities under *Pitchess*.

---

[6] As mentioned, the trial court, on September 1, 2011, denied appellant's Penal Code section 1538.5 motion to traverse and suppress evidence pertaining to the search warrant(s), and on September 23, 2011, denied appellant's section 1538.5 suppression motion pertaining to the validity of the traffic stop. Appellant filed his *Pitchess* motion later.

## *DISPOSITION*

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

          KITCHING, J.

We concur:

    CROSKEY, Acting P. J.

    ALDRICH, J.