Filed 9/16/13  P. v. Simpson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C071164 |
| v. | (Super. Ct. No. 11F5308) |
| LUCAS EUGENE SIMPSON, | |
| Defendant and Appellant. | |

Defendant Lucas Eugene Simpson pleaded no contest to attempted first degree robbery and assault with a firearm.  He also admitted allegations that he acted in concert with two or more persons and that he was armed with a firearm in the commission of the offense.  The trial court ultimately sentenced defendant to seven years four months in prison.

Defendant now contends (1) he must be resentenced because the attempted robbery in concert did not occur within an inhabited dwelling as required by Penal Code

1

section 213, subdivision (a)(1)(A)[1]; and (2) if we conclude his first contention is forfeited, his trial counsel was ineffective for failing to preserve the issue on appeal.

We conclude (1) defendant's first contention is not cognizable on appeal, and (2) as for his second contention, he has not established that his trial counsel was deficient.

We will affirm the judgment.

BACKGROUND

Defendant, along with Michael Johnson, Chane Finch and Michael Houchins, planned to steal medical marijuana from Michael High's home. On the night of the offense, High was at home with two visitors, Amanda Baxter and Isabella Vasquez. Houchins went to High's residence ostensibly to set up a drug deal, and texted his cohorts when he thought it was a good time to begin the crime.

When dogs started barking, High and Vasquez went outside to investigate. They were met by defendant, Johnson, and Finch, who were armed, dressed in tactical gear, and portraying themselves as law enforcement officers serving a warrant. High thought they were not law enforcement officers and fought with two of them. The third offender went inside the house, grabbed Baxter, ordered her outside, and hit her on the head. High eventually fought off the offenders, but in the process he was fired upon and stabbed, sustaining a ruptured spleen and punctured diaphragm.

After the preliminary hearing, defendant filed a motion to set aside the information pursuant to section 995. During oral argument on the motion, defense counsel added a new contention: that the in concert enhancement allegation applied only to completed robberies and therefore did not apply to attempted robbery as a matter of law. The trial court continued the hearing to allow the prosecutor the opportunity to address the issue. At the continued hearing, argument was confined to whether the in concert enhancement

---

[1] Undesignated statutory references are to the Penal Code.

2

allegation applied to attempted first degree robberies. The trial court rejected the contention and denied the motion.

Defendant ultimately pleaded no contest to attempted first degree robbery (§§ 664/211) and assault with a firearm (§ 245, subd. (a)(2)); he also admitted allegations that he acted in concert with two or more persons (§ 213, subd. (a)(1)(A)) and that he was armed with a firearm in the commission of the offense (§ 12022.5, subd. (a)).

The change of plea form stated the disposition of defendant's no contest plea as follows: "Defendant will receive a 8.5 yr prison sentence. Defendant reserves his right to appeal the issue of the 213(a)(1)(A) applying to the attempt." At the plea colloquy, the trial court asked defendant: "You also understand that you will receive a stipulated term of eight years, six months in state prison, but that you are reserving your right to appeal the issue of whether the enhancement pursuant to Penal Code Section 213(a)(1)([A]) applies to attempted robbery." Defendant affirmed that he understood those terms and then entered his plea.

The trial court sentenced defendant to the stipulated term of eight years six months in state prison. But pursuant to an agreement with the People, defendant's sentence was later modified to seven years four months after he testified against one of the other offenders.

Defendant's notice of appeal stated "he reserved his right to appeal on the issue of whether Penal Code section 213(a)(1)(A) applied to the crimes for which he pled." Trial counsel also prepared a request for a certificate of probable cause, which stated that the parties and trial court understood defendant's plea preserved his right to "appeal the issue of whether the Penal Code section 213(a)(1)(A) enhancement applied to his robbery offense." The trial court granted the certificate.

DISCUSSION

I

Defendant contends he must be resentenced because the attempted robbery in concert did not occur within an inhabited dwelling as required by section 213, subdivision (a)(1)(A).

Defendant points out that first degree robbery and the in concert enhancement for first degree robbery -- which imposes a sentencing triad of three, six, or nine years rather than a sentencing triad of three, four, or six years (§ 213, subds. (a)(1)(A) & (a)(1)(B)) -- applies to a defendant who commits the robbery "within an inhabited dwelling house." (§ 213, subd. (a)(1)(A); 212.5, subd. (a).)  Defendant argues that because the victim of the attempted robbery, Michael High, was never *inside* the house during the crime, the in concert enhancement cannot apply.

But "[i]ssues concerning the defendant's guilt or innocence are not cognizable on appeal from a guilty plea.  [Citations.]  By admitting guilt a defendant waives an appellate challenge to the sufficiency of the evidence of guilt.  [Citations.]  The same restrictions on appellate issues apply after a no contest plea [citations] and the admission of an enhancement [citation]."  (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1364.) Because defendant attacks whether the facts support the in concert enhancement, his claim is not cognizable on the appeal from his no contest plea.[2]

Defendant argues he preserved his right to appeal this issue, pointing to his express reservation of the right to appeal the applicability of the in concert enhancement to attempted robbery.  It is true that we can address an attack on a guilty or no contest plea or the events taking place before the plea when the defendant filed in the trial court a

---

[2]  We deny the Attorney General's request that we take judicial notice of the first two volumes of the reporter's transcripts in the appeal of one of defendant's cohorts. (*People v. Finch,* case No. C071606.)

statement showing reasonable grounds going to the legality of the proceedings and the trial court filed a certificate of probable cause. (§ 1237.5, subds. (a) & (b).) But obtaining a certificate of probable cause does not make cognizable issues that have been waived by a no contest plea. (*People v. Hunter* (2002) 100 Cal.App.4th 37, 41-42.) "What may not be appealed are 'issues relating to [a defendant's] guilt or to the procedure which would otherwise be required to establish his guilt.' [Citation] What may be appealed are claims, 'which, if true, would preclude the state from prosecuting [a defendant] despite his guilt.' [Citation.]" (*People v. Halstead* (1985) 175 Cal.App.3d 772, 778, fn. omitted.) This rule does not restrict us to review of the specific issues listed within a certificate of probable cause, but the "filing [of] a certificate cannot expand the scope of review to include a noncognizable issue. [Citations.]" (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1178.)

## II

Defendant also contends that if we conclude his first contention is forfeited, his trial counsel was ineffective for failing to preserve the issue on appeal. But we concluded his first contention is not cognizable on appeal. In any event, defendant has not established that his trial counsel was deficient on this record. (*People v. Anderson* (2001) 25 Cal.4th 543, 587 [failure to make a futile act is not ineffective assistance of counsel].)

5

Although defendant's first contention is not cognizable, we affirm the judgment rather than dismiss the appeal because the ineffective assistance claim is cognizable on appeal.

DISPOSITION

The judgment is affirmed.


                                                            MAURO              , J.


I concur:


                    HULL                , Acting P. J.


I concur fully in the opinion of my colleagues. However, I write separately to emphasize the inappropriateness of the trial court's action here. It is improper for a court to advise a defendant when pleading that he or she may reserve the right to appeal an issue that is not cognizable on appeal. Unfortunately, in addition to the court's oral statement, this language is also included on the written plea form. Nor should counsel acquiesce in this practice.

As the opinion makes clear, a false judicial promise of appealability cannot make it so.


                    ROBIE                , J.