Filed 6/30/14  P. v. Dearman CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JO ANN DEARMAN,<br><br>    Defendant and Appellant. | A141063<br><br>(San Mateo County<br>Super. Ct. No. SC076038A) |

Defendant Jo Ann Dearman appeals from a final judgment after no contest pleas to misappropriation of public funds and embezzlement.  As required under *People v. Kelly* (2006) 40 Cal.4th 106, 124, we affirmatively note counsel for defendant has filed a *Wende* brief (*People v. Wende* (1979) 25 Cal.3d 436) raising no arguable issues, counsel apprised defendant of her right to file a supplemental brief, and defendant did not file such a brief.  Upon review of the record for potential error, we conclude no arguable issues are presented for review and affirm the judgment.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]

Defendant was employed from January 1, 2009 until May 16, 2011, as a financial director for the San Mateo County Mosquito and Vector Control District (District).  After an outside firm conducted a forensic accounting audit, it determined defendant had embezzled public funds in the amount of $351,918.83, and her codefendant, who defendant hired, embezzled over $88,000.   The audit showed defendant used five of the

---

[1] The facts are taken from the probation report.

District's credit cards for personal expenses, issued herself unauthorized pay, deposited unauthorized funds into her retirement account, and electronically transferred $143,352.62 of the District's funds to her personal bank account. The investigation further revealed defendant used $20,000 of the embezzled funds to pay attorney fees for her two prior felony embezzlement cases. Restitution was requested in the amount of $761,663.95, which included the cost ($259,066) for a financial audit.

An information was filed by the San Mateo District Attorney's Office charging defendant with five counts of misappropriation of public funds (Pen. Code,[2] § 424, subd. (a); counts 1–5), five counts of misappropriation of public funds by altering, falsifying, or destroying an account (§ 424, subd. (a)(4); counts 6–10), five counts of embezzlement by a public or private officer (§ 504; counts 11–15), and five counts of falsifying government documents (Gov. Code, § 6200; counts 16–20). It was further alleged defendant committed multiple felonies involving fraud or embezzlement resulting in a total loss of more than $100,000 (§ 186.11, subd. (a)(1)), committed multiple felonies pursuant to a common plan or scheme amounting to a total loss of more than $200,000 (§ 12022.6, subd. (a)(2)), and served two prior prison terms (§ 667.5, subd. (b)).

After defendant filed a section 995 motion, the People dismissed counts 6 through 10, and the trial court dismissed counts 16 through 20. Less than a month later, defendant entered pleas of no contest to counts 1 through 5 and 11 through 15, and admitted all of the enhancements. As part of the plea agreement, defendant acknowledged the maximum sentence the court could impose was 11 years. However, if defendant made "substantial restitution," determined by the court to be 50 percent or more, the maximum sentence would be five to seven years.

In a sentencing memo, the People requested the trial court impose the maximum sentence of 11 years in state prison, victim restitution in the amount of $761,663.95, and a $997,011.62 fine (double the value of the taking of $498,505.61) under section 186.11,

---

[2] All statutory references are to the Penal Code unless otherwise indicated.

subdivision (c).   At the sentencing hearing, defense counsel objected to the section 186.11 fine and to a portion of the restitution request in the amount of approximately $250,000 for an audit, claiming both were excluded from the plea agreement.   The court indicated it would impose restitution for the cost of the audit, but agreeing with defense counsel about the fine offered to let defendant withdraw her plea or make a motion. Defense counsel responded to the court's offer stating: "Let's cut through this. She doesn't want to do that. . . . [¶] . . . [T]he $250,000 extra frankly realistically is going to be a civil judgment anyway because she will have finished whatever by the time it is collected anyhow. So we are probably arguing about the number of angels on the head of a pin. So, why don't we go ahead and do it." When defendant was thereafter asked by the court if she wished to withdraw her plea, she responded she wanted to proceed.

Because defendant had only paid back approximately $233,000 of the $761,000 owed, less than 50 percent, the court sentenced defendant to eight years in state prison as follows:  the low term of two years on count 1, one-third the midterm, one year, consecutive on counts 2 through 5, and stayed sentence on counts 11 through 15 pursuant to section 654.  It also imposed two years consecutive on the section 186.11 enhancement, stayed imposition of two years on the section 12022.6, subdivision (a)(2) enhancement, and following the People's motion, struck the section 667.5, subdivision (b) prior felony convictions.   The court awarded defendant 127 actual days of credit plus 126 days of good time/work time days for a total of 253 days.   In addition to other fees and fines imposed, the court ordered defendant to pay $502,597. 95 in restitution, a $997,011.62 fine pursuant to section 186.11, subdivision (c), a $300 restitution fine, and a $300 parole revocation fine suspended unless parole is revoked.

## DISCUSSION

We have reviewed the record on appeal.  By entering pleas of no contest to the charges, and admitting the special allegations, defendant admitted the sufficiency of the evidence establishing the crimes and enhancements for which she was sentenced, and therefore is not entitled to review of any issue relating to the question of whether she is

guilty or not guilty. (*People v. Hunter* (2002) 100 Cal.App.4th 37, 42.) Without a certificate of probable cause, defendant cannot contest the validity of the plea. (§ 1237.5; Cal. Rules of Court, rule 8.304(b)(2).)

Defendant was represented by counsel throughout the proceedings from entry of her plea through sentencing. We find no support in the record for any claims on appeal of ineffective assistance of counsel.

We find no meritorious sentencing issues requiring reversal of the judgment. The restitution, fines, and fees imposed by the court were appropriate.

Having independently reviewed the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

The judgment is affirmed.

_____
Margulies, Acting P.J.

We concur:

_____
Dondero, J.

_____
Becton, J.[*]

_____

[*] Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4