Filed 10/1/14  P. v. Cisneros CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F066858 |
| v. | (Super. Ct. No. F11907216) |
| ISAAC CISNEROS, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  David Andrew Gottlieb, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Detjen, Acting P.J., Franson, J., and Peña, J.

Appellant, Isaac Cisneros, pled guilty to assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] and he admitted a prior prison term enhancement (§ 667.5, subd. (b)), and allegations that he had a prior conviction within the meaning of the three strikes law (§ 667, suds. (b)-(i)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The confidential victim was in a two-year relationship with Cisneros that included some cohabitation. In August 2011, the victim ended her relationship with Cisneros.

On October 17, 2011, the victim left her mother's house to go to the store. When she was in her car, about to leave, Cisneros ran up to her holding a knife and demanding she move over. Cisneros then used his elbow to push her into the passenger's seat and got in the car. Cisneros hit the victim on the face and swung the knife at her. The victim began screaming, managed to get out of the car through the passenger's door, and ran across the parking lot. Cisneros returned to his own car and fled. During the assault, the victim received a scratch on her shoulder, a cut on a finger from trying to block the knife, and a small puncture wound on her inner thigh.

On September 14, 2012, Cisneros was arrested in this matter when he was detained for driving under the influence of alcohol or drugs.

On November 16, 2012, the district attorney filed a first amended complaint charging Cisneros with assault with a deadly weapon (count 1), inflicting corporal injury on a cohabitant with a prior conviction (count 2/§ 273.5, former subd. (e)(1), now subd. (f)(1)), a prior prison term enhancement, and with having a prior conviction within the meaning of the three strikes law. Cisneros then pled guilty to assault with a deadly weapon and admitted the prior prison term enhancement and the three strikes allegation

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

in exchange for the dismissal of the remaining count and an unrelated case and a stipulated sentence of five years.

On January 29, 2013, the court sentenced Cisneros per his plea agreement to a five-year term: the mitigated term of two years on his assault conviction, doubled to four years because of Cisneros's strike conviction, and a one-year prior prison term enhancement.

On March 14, 2013, Cisneros filed an appeal in this matter.

Cisneros's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) However, on November 6, 2013, Cisneros filed a letter complaining that he was convicted based on false statements by the victim, but which does not otherwise raise any issues. A defendant who pleads guilty is precluded on appeal from raising issues that go to the sufficiency of the evidence. (*People v. Hunter* (2002) 100 Cal.App.4th 37, 42.) Cisneros's claim that he was convicted based on false statements in essence challenges the sufficiency of the evidence to sustain his conviction and thus is not cognizable on appeal.

Further, following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

3