Filed 11/4/14  P. v. Haywood CA5

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. RUFUS MAXIMILLION HAYWOOD, Defendant and Appellant. | F068135 (Super. Ct. No. SF16843A) **O P I N I O N** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Cornell, J., and Gomes, J.

Defendant Rufus Maximillion Haywood was convicted by no contest plea of false imprisonment (Pen. Code, § 236)[1] and impersonating a peace officer (§ 146a, subd. (b)(1)). The trial court sentenced defendant to three years eight months in prison. On appeal, he contends the abstract of judgment does not reflect the sentence imposed by the trial court, and he requests that we review the trial court's in camera review of *Pitchess*[2] material. We affirm.

## DISCUSSION

### I.    Abstract of Judgment

Defendant contends, and the People agree, that the trial court sentenced defendant to three years eight months, to be served *concurrently* with his term in case number SF16481A, but the abstract of judgment incorrectly reflects that the sentences are to be served consecutively. We agree that the original abstract was incorrect. On February 4, 2014, however, this court received an amended abstract of judgment, filed on January 14, 2014, which correctly reflects that the sentences are to be served concurrently. Accordingly, no further action is required.

### II.    *Pitchess* Review

Defendant asks that we review the material examined in camera by the trial court pursuant to defendant's *Pitchess* motion for discovery of complaints of dishonesty, false statements, or fabrication of charges by officers. The trial court found no discoverable material in the officers' personnel files. Defendant requests that we review that ruling. The People counter that defendant has waived this challenge by pleading no contest. In his reply brief, defendant concedes the issue in light of the People's points. We agree.

---

[1]    All statutory references are to the Penal Code unless otherwise noted.

[2]    *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

"Issues concerning the defendant's guilt or innocence are not cognizable on appeal from a guilty plea. [Citations.]" (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1364.) "The same restrictions on appellate issues apply after a no contest plea [citations] …." (*Ibid.*) "A voluntary plea of guilty [or no contest] is the equivalent of a conviction of the crime and includes an admission of every element of the crime." (*People v. Enos* (1973) 34 Cal.App.3d 25, 40-41.) A *Pitchess* motion is a challenge to the legality of the discovery process, and discovery matters are waived by a guilty or no contest plea. (*People v. Hunter* (2002) 100 Cal.App.4th 37, 42; *People v. Collins* (2004) 115 Cal.App.4th 137, 151.) Here, defendant's no contest plea admitted every element of the crime and waived any discovery issues, including denial of his *Pitchess* motion.

## DISPOSITION

The judgment is affirmed.