Filed 1/13/15  P. v. Lopez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048835 |
| v. | (Super. Ct. No. 10HF0236) |
| VALENTIN CORONA LOPEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Carla Singer, Judge.  Affirmed.

Christopher Nalls, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Randall D. Einhorn and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Midway through trial, defendant Valentin Corona Lopez pleaded guilty to two counts of committing a lewd act on a child under the age of 14 (Pen. Code, § 288, subd. (a); all further statutory references are to this code), and admitted allegations there were multiple victims and that both counts involved substantial sexual conduct. The court sentenced him to two concurrent prison terms of 15 years to life.

The trial court denied defendant's request for a certificate of probable cause. Nevertheless, in his appeal, defendant asks us to examine the *Pitchess* (*Pitchess v. Superior Court* (1974) 11 cal.3d 531) records to determine if the trial court erred in denying discovery. In light of the guilty plea and the failure to obtain a certificate of probable cause, we cannot consider this issue on appeal.

Defendant's second appellate claim, which is reviewable, is that his sentence violates the prohibition against cruel and unusual punishment. We reject this claim and affirm the judgment.

FACTS

When defendant's step-daughter, identified as Jane Doe 2 was 12 years old, defendant entered her bedroom and rubbed salve on her exposed chest. About one week later, he again went into her room, while Jane Doe 2 was sleeping, and touched her bared chest, grabbed her hand, and placed it on his penis. Jane Doe 2 woke up but pretended to remain sleeping until defendant left the room.

Some months later, defendant's then 13-year-old niece, identified as Jane Doe 1, was spending the night at defendant's house. During the night, she woke up and noticed defendant was lying beside her with his hand under her tank top touching her breast. Defendant then grabbed her hand and placed it in his pants so that it touched his penis. When she removed her hand, defendant grabbed it and put it back inside his pants.

2

Thereafter, defendant confessed to his pastor what he had done and his pastor told him he should tell the police. Accompanied by his pastor, defendant talked to Sheriff Department Investigator Myrna Caballero. The interview was, at least in part, recorded and, during the interview, defendant essentially confessed to the above described events.

DISCUSSION

*1. Review of the denial of the Pitchess motion is beyond the scope of this appeal.*

Before trial, defendant made a motion to discover the personnel records of Investigator Caballero under *Pitchess v. Superior Court, supra,* 11 Cal.3d 531. The trial court conducted an in camera hearing and concluded the records contained no discoverable material. Defendant asks us to examine these records and determine whether the trial court erred in denying discovery.

Relying essentially on *People v. Collins* (2004) 115 Cal.App.4th 137 (*Collins*), defendant argues this issue is reviewable on appeal after a guilty plea and the failure to obtain a certificate of probable cause. But *Collins* is distinguishable. There, the primary issue was the denial of the defendant's motion to suppress evidence. (*Id.* at p. 141.) That is an appealable order. (Section 1538.5, subd. (m).) And the court concluded "that to the extent . . . two [other] motions [to disclose identity of an informant and discovery of *Pitchess* records] were intertwined with litigating the legality of the search, these contentions are cognizable on this appeal pursuant to . . . section 1538.5, subdivision (m), notwithstanding defendant's plea." (*Ibid.*) No such intertwinement with an appealable order is present here. This appeal is from the sentence imposed after a conviction based on a guilty plea. Defendant makes an attempt to show intertwinement by arguing the pre-plea report and the probation and sentencing report referred to

3

statements defendant made to Investigator Caballero. This stretches the holding of *Collins* beyond acceptable bounds.

We agree with the Attorney General that defendant's guilty plea admitted "every element of the crime charged" and issues concerning defendant's guilt or innocence are not cognizable on appeal. (Citing *People v. Voit* (2011) 200 Cal.App.4th 1353, 1364.) A *Pitchess* motion seeks discovery of potential evidence. And "the appeal of the instant discovery motion does not raise an issue going to the legality of the proceedings. The motion is legally indistinguishable from the nonappealable determinations of the voluntariness of an extrajudicial statement or the fairness of a pretrial lineup . . . . Further, the motion is identical to the nonappealable determination of a trial court's refusal to disclose the identity of an informant. [Citations.] The common thread in these cases is a challenge to the legality of the evidence-gathering process which could then lead to exclusion [or admission] of evidence that is relevant to the issue of guilt." (*People v. Hunter* (2002) 100 Cal.App.4th 37, 42.)


*2. The penalty imposed was not cruel or unusual.*

Defendant argues the sentence imposed, concurrent indeterminate prison terms of 15 years to life, which defendant characterizes as a life sentence, violates both the state and federal constitutional prohibition of "cruel or unusual punishment." He contends the sentence is "disproportionate." As defendant notes, *In re Lynch* (1972) 8 Cal.3d 410, 426-427 holds two of the factors to consider are how the defendant's sentence compares with the punishment imposed in the same jurisdiction for more serious crimes, and how the defendant's sentence compares with the punishment imposed for the same offense in other jurisdictions. Also, the analysis must start by comparing "'the gravity of the offense and the harshness of the penalty.'" (*Graham v. Florida* (2010) 560 U.S. 48, 88 [130 S.Ct. 2011, 176 L.Ed.2d 825].) In spite of his recognition of the factors to be considered by us, defendant fails to demonstrate his sentence is disproportionate

4

when compared with prision sentences imposed under California law or under the law of other jurisdictions. He primarily stresses his marital status, his employment record, and minimizes his prior misdemeanor convictions for theft and possessing counterfeit identification cards. Defendant also notes there was no evidence he engaged in sexual intercourse with the children, he did not physically injure them, and his psychological evaluation found he is not fundamentally pedophilic in his sexual orientation.

The sentence imposed is mandatory under section 667.61, subdivision (b). And the court imposed the minimum required sentence by ordering the sentences on the two counts to run concurrently. The court in effect mitigated what could have been a 30 years-to-life sentence to 15 years to life. Thus, it is obvious the trial court considered mitigating factors in determining the sentence to be imposed.

In arguing the penalty imposed violates constitutional standards, defendant relies on *People v. Dillon* (1983) 34 Cal.3d 441 (*Dillon*), disapproved on another ground in *People v. Chun* (2009) 45 Cal.4th 1172, 1186. In *Dillon,* the court reduced a defendant's first degree felony murder conviction to second degree murder in order to permit the penalty to be reduced because the court concluded the mandatory penalty for first degree felony murder violated constitutional prohibitions on cruel and unusual punishment. But *Dillon* presents a very different factual scenario. The teen-age defendant was found to be very immature for his age, and his involvement in the felony that resulted in the murder was the result of panic. None of these factors are presented here.

Citing *People v. Dillion, supra,* 34 Cal.4th 441, defendant posits we should consider "the totality of the circumstances surrounding the commission of the offense in the case at bar, including such factors as its motive, the way it was committed, the extent of the defendant's involvement, and the consequences of his acts." (*Id.* at p. 479.) We have done so and agree with the trial court that, considering these factors, the statutorily mandated sentence was appropriate. Defendant also notes we should focus on "the

5

particular person before the court, and asks whether the punishment is grossly disproportionate to the defendant's individual capability as shown by such factors as his age, prior criminality, personal characteristics, and state of mind." (*Ibid.*) We have. Defendant attempted to satisfy his sexual urges by taking advantage of two children who were his own step-child and niece; these relationships made the children all the more vulnerable to his sexual misdeeds. The sentence imposed was appropriate and did not violate either the California or the federal prohibition of cruel and unusual punishment.

DISPOSITION

The judgment is affirmed.


RYLAARSDAM, ACTING P. J.

WE CONCUR:


MOORE, J.


IKOLA, J.

6