Filed 4/29/16  P. v. Thomas CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ABDELAZIZ JAMEL THOMAS,<br><br>        Defendant and Appellant. | A146007<br><br>(Sonoma County<br>Super. Ct. No. SCR-643689) |

After defendant pleaded no contest to pimping and misdemeanor unlawful sexual intercourse, defendant was sentenced to six years in state prison.  We affirm the judgment.

**FACTS AND PROCEDURE[1]**

On June 10, 2014, a Rohnert Park police officer was dispatched to a residence to investigate a report of human trafficking.  The victim, age 16, was transported to the Redwood Children's Center where she was examined and interviewed.  According to the victim, she reconnected with a high school friend, codefendant April T., who repeatedly tried to persuade the victim into helping her and her family in the family business, pimping.  At a residence on Charles Street, the victim felt pressured by April T., defendant, and additional individuals to become a prostitute in their family business.  Once she arrived at this residence she never left.  The victim stated she worked as a

---

[1] Since the present appeal is taken from a no contest plea, we need only concisely recite the facts pertinent to the underlying conviction as necessary to our limited review on appeal.  The facts are taken from the felony presentence report.

prostitute under the direction of April T. in April and May 2014. Eventually, April T. persuaded the victim it would be in their best interest if she worked as a prostitute for defendant. Defendant told the victim they would share the money she made from prostitution, but she would receive none for herself. The victim explained defendant transported her throughout California for sexual exploitation, and she believed she received approximately $2,000 for all of the jobs. During her entire stay at the Charles Street residence, she slept in the same room with defendant and had sexual intercourse with him a total of 15 times, and he also sodomized her. In June 2014, the victim contacted her mother and asked to be picked up at the Charles Street residence. However, prior to leaving the residence, defendant contacted her and requested they meet. When the victim met with defendant, he told her if their meeting was a police set-up, he would shoot her in the back. Once the victim returned to her mother's home, she received multiple threatening phone calls from April T.

An information was filed on October 29, 2014 alleging pimping (Pen. Code,[2] 266h, subd. (b)(1)), forcible sodomy of a minor 14 years of age and older (§ 286, subd. (c)(2)(C)), criminal threats (§ 422, subd. (a)), unlawful sexual intercourse with a minor (§ 261.5, subd. (c)), infliction of corporal injury (§ 273.5, subd. (a)), and furnishing a controlled substance to a minor (Health & Saf., § 11353, subd. (c)).

Several months later on April 3, 2015, defendant entered a plea of no contest to one count of pimping and a misdemeanor violation of unlawful sexual intercourse with the understanding he could receive up to six years in state prison, and one year concurrent in county jail on the misdemeanor.

The trial court subsequently sentenced defendant to the aggravated term of six years on the felony, and one year concurrent on the misdemeanor.

Defendant filed a timely appeal raising "Any errors in sentencing."

---

[2] All statutory references are to the Penal Code unless otherwise indicated.

2

## DISCUSSION

After defendant appealed, counsel was appointed to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, setting forth a statement of the case and a summary of the facts, and requesting this court conduct an independent review of the record. Counsel has notified defendant he can file a supplemental brief with the court. No supplemental brief has been received.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable error that would result in a disposition favorable to defendant.

By entering pleas of no contest, defendant admitted the sufficiency of the evidence establishing the crimes, and therefore is not entitled to review of any issue that goes to the question of his guilt or innocence. (*People v. Hunter* (2002) 100 Cal.App.4th 37, 42.) Without a certificate of probable cause, defendant cannot contest the validity of his pleas; the only issues cognizable on appeal are issues relating to the validity of a denial of a motion to suppress or issues relating to matters arising after the pleas were entered. (§ 1237.5; Cal. Rules of Court, rule 8.304(b)(4)(B).)

Defendant was ably represented by counsel throughout the proceedings including at sentencing where counsel emphasized to the court defendant was remorseful, had no juvenile history, no probation violations, his prior convictions were old, and his prior domestic violence conviction was a misdemeanor.

We also find no meritorious sentencing issues that would require reversal of the judgment. In imposing the aggravated term of six years, the trial court considered the factors in aggravation and mitigation. It noted several factors in aggravation namely, the crime involved the threat of great bodily injury, the victim was particularly vulnerable, defendant had suffered numerous prior convictions, and his "prior performance on two grants of conditional sentence and two grants of formal probation were poor." The court also noted as factors in mitigation that defendant's prior felony was old, his recent offenses were misdemeanors, and his prior performance on two grants of conditional sentence were satisfactory. After weighing the aggravating and mitigating factors, the

3

court found the factors in aggravation outweighed the factors in mitigation.  Based on our review of the record, we cannot say the trial court abused its discretion in imposing the six-year aggravated sentence.

## DISPOSITION

The judgment is affirmed.


_____
Margulies, Acting P.J.


We concur:


_____
Dondero, J.


_____
Banke, J.