Filed 12/13/13  P. v. James CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL CHRISTOPHER JAMES,<br><br>        Defendant and Appellant. | A137321<br><br>(Napa County<br>Super. Ct. No. CR-156725) |

        Michael Christopher James appeals from the judgment entered following his no contest plea.  His counsel has raised no issues and asked this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment.  (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436; see *Smith v. Robbins* (2000) 528 U.S. 259.)  Counsel notified defendant that he could file his own supplemental brief, raising any points he chooses to call to this court's attention.  No supplemental brief has been received from defendant.  Upon independent review of the record, we find the abstract of judgment and sentencing minutes must be corrected to strike the concurrent sentence imposed for corporal injury to a spouse and instead to provide that sentence be stayed on that count under Penal Code[1] section 654, as well as on the associated enhancement.  No other arguable issues are presented for review.  Accordingly, the judgment is affirmed in all other respects.

---

        [1] All further statutory references are to the Penal Code.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[2]

Defendant was charged by amended information on March 29, 2012, with kidnapping (§ 207, subd. (a)) and inflicting corporal injury to a spouse (§ 273.5, subd. (a)). As to both counts, the information alleged defendant had inflicted great bodily injury on the victim under circumstances involving domestic violence. (§ 12022.7, subd. (e).) Defendant pleaded not guilty to both counts.

Defendant and the victim, his wife, attended a wedding and reception on the afternoon and evening of April 30, 2011. Both defendant and his wife were drinking at the event. Defendant appeared to be intoxicated. The couple got into an argument in the parking lot outside the event about whether they would host an after-party with some of their friends and whether her parents would take both of their children for the night. He forced her into his vehicle and drove off with her. During the ride, he struck her repeatedly in the face with his elbow, breaking her nose and teeth, inflicting other injuries, and causing her to briefly lose consciousness.

On June 6, 2012, defendant changed his plea to no contest on both counts, and admitted the truth of the great bodily injury allegations attached to both counts pursuant to an agreement providing for a maximum sentence of nine years in prison. The parties stipulated that the preliminary hearing transcript provided a factual basis for the plea.

On October 10, 2012, defendant was sentenced to eight years in state prison, consisting of the middle term of five years on the kidnapping charge plus the low term of three years for the great bodily injury enhancement on that count. The court addressed count two as follows: "As to count two, imposition of sentence as to that offense is stayed pending the completion of the offense [*sic*] on count number one, and imposed a midterm of three years. And that sentence is concurrent to the sentence in count one." The abstract of judgment reflects imposition of a *concurrent* sentence on count two and a stay of the enhancement on that count. The court ordered victim restitution in the

---

[2] Since the present appeal is taken from a no contest plea, we need only concisely recite the facts pertinent to the underlying conviction as necessary to our limited review on appeal. The facts are summarized from the transcript of the preliminary hearing.

2

uncontested amount of $12,913.94, imposed a restitution fine in the amount of $500, and ordered an additional restitution fine pursuant to section 1202.45 in the amount of $500 to be stayed pending successful completion of parole. Defendant was given presentence credit for 605 days, including 526 actual days and 79 days of conduct credit.

Defendant timely filed his notice of appeal pro se. He requested a certificate of probable cause, citing the following as "reasonable constitutional, jurisdictional, or other grounds going to the legality" of his no contest plea: (1) "Limit on consecutive terms violate the prohibition against cruel or unusual punishments of the [California] constitution," (2) "Violates [section] 654 for multiple punishments for the same Act or omission requires a stay of execution of the sentence impose[d] on some of the counts," (3) "Multiple strikes under 3 strikes law . . . [arising] out of one case," and (4) "Constitutionally disproportionate to other sentences imposed by similar cases." The trial court granted the request for a certificate of probable cause.

### DISCUSSION

We have reviewed the record on appeal. By entering a plea of no contest, defendant admitted the sufficiency of the evidence establishing the crimes, and therefore is not entitled to review of any issue that goes to the question of whether he is guilty or not guilty. (*People v. Hunter* (2002) 100 Cal.App.4th 37, 42.) Having reviewed the entire record we find no arguable error that would result in a disposition more favorable to defendant. However, as we explain, our review reveals the need to correct the abstract of judgment and sentencing minutes.[3]

The abstract of judgment shows a concurrent sentence on count two and a stay of the section 10122.7, subdivision (e) enhancement on that count. The sentencing minutes reflect concurrent terms on count two and the associated enhancement. However, we construe the trial court's oral pronouncement of sentencing as staying imposition of the middle term of three years on count two rather than imposing that term concurrently. A stay of sentence is the appropriate disposition under section 654. Since the court stayed

---

[3] We requested and received letter briefs from the parties on this issue.

3

sentence on count two, it could not impose any additional punishment on the enhancement for that count. The abstract therefore accurately reflects a stay of sentence for the enhancement. We will therefore direct that the abstract of judgment and sentencing minutes be corrected to reflect that sentence on count two and the associated enhancement were both stayed under section 654.

Defendant was represented by counsel throughout the proceedings through entry of his plea and sentencing. We find no support in the record for any claims on appeal of ineffective assistance of counsel. Defendant was fully advised of the consequences of his plea, and the trial court correctly found there was a factual basis for the plea, and the plea was given freely and voluntarily.

We find no meritorious sentencing issues that would require reversal of the judgment. We find no violation of the prohibitions against cruel or unusual punishments in the California or federal constitutions, no violation of section 654, no violation of the "Three Strikes" law, and no unconstitutional disproportionality in defendant's sentence.

The victim restitution amount of $12,913.94 and restitution fines imposed by the court were appropriate.

We find no arguable issues that require further briefing and, accordingly, affirm the judgment.

## DISPOSITION

Upon issuance of the remittitur, the clerk of the superior court is directed to prepare an amended abstract of judgment and amended sentencing minutes striking the concurrent sentence imposed for corporal injury to a spouse and instead to provide that sentence be stayed on that count under section 654 as well as on the enhancement for that count, and to deliver a copy of the corrected abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

4

_____
Margulies, Acting P.J.

We concur:


_____
Dondero, J.


_____
Banke, J.

5