Filed 4/30/14  P. v. Gutierrez CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>GUADALUPE LEANDRO GUTIERREZ,<br><br>　　　Defendant and Appellant. | A140126<br><br>(Mendocino County<br>Super. Ct. Nos. SCUKCRCR1371236,<br>SCUKCRCR1372382) |

　　　　　Guadalupe Leandro Gutierrez appeals from a final judgment after no contest and guilty pleas, respectively, in cases Nos. SCUKCRCR1371236 and SCUKCRCR1372382.  His counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment.  (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436; see *Smith v. Robbins* (2000) 528 U.S. 259.)  Counsel notified defendant that he could file his own supplemental brief, raising any points he chooses to call to this court's attention.  No supplemental brief has been received from defendant.  Upon independent review of the record, we find no arguable issues that require further briefing.  We do find an error in the abstract of judgment.  Accordingly, we will remand the matter for correction of the abstract of judgment, and affirm the judgment in all other respects.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]**

On January 26, 2013, Mendocino County Sheriff's Deputies Eric Riboli and Luis Espinoza were dispatched to the defendant's apartment with a report of possible gunshots being fired from the location. The deputies observed an expended 20-gauge shotgun shell on the ground near the front door. The deputies contacted defendant and questioned him regarding the report of gunshots heard in the area. Defendant denied shooting the firearm. Riboli determined defendant was under the influence of a controlled substance based on defendant's demeanor and the performance of field sobriety tests. He was placed under arrest. During a pat search, a live .223-caliber round was found in defendant's left pants pocket. Defendant's girlfriend told deputies she believed there was a shotgun in the residence. Upon a search of the apartment, a loaded Remington Windmaster shotgun was found under a toddler's bed in the master bedroom. The bullets in the shotgun matched the expended shell found outside.

On February 6, 2013, defendant was charged by felony complaint in case No. SCUKCRCR1371236 with (1) possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)), and (2) possession of ammunition by a felon (Pen. Code, § 30305, subd. (a)(1)). On April 24, 2013, defendant waived his constitutional rights and pled no contest to possession of a firearm by a felon. The court dismissed the other count, continued the conditions of his bail, and ordered him to return to court for sentencing on June 7, 2013.

On May 17, 2013, just before midnight, a sheriff's deputy on foot patrol stopped a vehicle being driven by defendant in a parking lot. Approximately four grams of a substance that later tested positive for methamphetamine were found on the driver's side floorboard of the vehicle. Defendant was arrested in case No. SCUKCRCR1372382,

---

[1] Since the present appeal is taken from the sentence and other matters arising after the pleas, we need only concisely recite the facts pertinent to the underlying convictions as necessary to our limited review on appeal. The facts are taken from the probation report in case No. SCUKCRCR1371236 and the preliminary hearing in case No. SCUKCRCR1372382.

and charged by information with transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)). The information further alleged defendant committed the offense while released from custody in case No. SCUKCRCR1371236 (Pen. Code, § 12022.1), and that he had suffered a prior drug conviction (Health & Saf. Code, § 11370.2, subd. (c)).

On May 31, 2013, the court heard and denied defendant's *Marsden*[2] motion to replace his trial counsel. On June 5, 2013, the date set for a preliminary hearing in case No. SCUKCRCR1372382, the trial court permitted defendant to represent himself on both matters and was prepared to continue the preliminary hearing for one week. Later at the same hearing, defendant withdrew his request to represent himself, and indicated he wished to proceed with his existing counsel from the public defender's office. The court rescinded its ruling relieving the public defender of its representation of defendant and permitting defendant to represent himself. The preliminary hearing went forward on that day with defendant represented by the public defender's office.

On August 8, 2013, defendant waived his constitutional rights, pled guilty to transportation of a controlled substance in case No. SCUKCRCR1372382 and admitted the two special allegations in exchange for a suspended sentence of 92 months. As part of his plea agreement, Defendant executed a *Cruz*[3] waiver whereby he acknowledged that he could be sentenced to the maximum sentence of eight years eight months in prison should he fail to return for sentencing. Defendant was released on his own recognizance, and ordered to return to court for sentencing on September 10, 2013, and to make contact with the probation department immediately upon his release.

Defendant did not report to the probation department and failed to appear on September 10, 2013, whereupon a bench warrant was issued for his arrest. Defendant

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

[3] *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*) held that a defendant whose plea bargain was disapproved by the trial court because he failed to appear for sentencing was entitled to exercise his right under Penal Code section 1192.5 to withdraw his guilty plea, absent a knowing and intelligent waiver of that right. (*Cruz*, at pp. 1250–1254 & fn. 5.)

was arrested on September 18, 2013, and remanded into custody. Judgment and sentencing were continued until October 18, 2013.

On October 18, 2013, the court denied probation as to both matters. Pursuant to the *Cruz* waiver, the trial court sentenced defendant to eight years eight months in prison calculated as follows: mid-term of three years for transportation of a controlled substance, plus one-third the mid-term or eight months for possession of a firearm by a felon, plus two years for the on bail enhancement, plus three years for the drug prior.[4] The court awarded defendant 115 actual days plus 115 good time/work time days, for a total presentence credit of 230 days. In case No. SCUKCRCR1371236, the court imposed a $280 restitution fine, $280 parole revocation fine, $40 court security fee, and a $30 conviction assessment. In case No. SCUKCRCR1372382, the court imposed an $840 restitution fund fine, $840 parole revocation fine, $40 court security fee, and a $30 conviction assessment. Defendant timely filed a notice of appeal from matters arising after his plea.

## DISCUSSION

We have reviewed the record on appeal. By entering pleas of guilty and no contest to the charges in issue, and admitting to the special allegations, defendant admitted the sufficiency of the evidence establishing the crimes and enhancements for which he was sentenced, and therefore is not entitled to review of any issue that goes to the question of whether he is guilty or not guilty. (*People v. Hunter* (2002) 100 Cal.App.4th 37, 42.) Having independently reviewed the entire record we find no arguable error that would result in a disposition more favorable to defendant.

Defendant was represented by counsel throughout the proceedings through entry of his plea and sentencing. We find no support in the record for any claims on appeal of

---

[4] The abstract of judgment incorrectly indicates a sentence of three years for the on bail enhancement and two years for the prior drug conviction. The trial court's oral pronouncement controls. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) Accordingly, we will remand the matter for correction of the abstract of judgment in that regard.

ineffective assistance of counsel. Defendant was fully advised of the consequences of his pleas, and the trial court correctly found there was a factual basis for the pleas, and the pleas were given freely and voluntarily. Defendant made a knowing and intelligent waiver of his rights under Penal Code section 1192.5.

We find no meritorious sentencing issues that would require reversal of the judgment. The fines and fees imposed by the court were appropriate.

We find no arguable issues that require further briefing and, accordingly, affirm the judgment.

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment to properly reflect its oral pronouncement imposing a two-year on bail enhancement under Penal Code section 12022.1 and a three-year enhancement for defendant's prior drug conviction, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


_____
Margulies, Acting P.J.


We concur:


_____
Dondero, J.


_____
Banke, J.

5