Filed 6/10/14  P. v. Craig CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>ROBERT FRED CRAIG,<br><br>          Defendant and Appellant. | A140984<br><br>(Napa County<br>Super. Ct. No. CR165252) |

Defendant Robert Fred Craig appeals the prison sentence imposed after he pleaded no contest to one count of second degree robbery and one count of evading a police officer. His attorney has asked this court for an independent review of the record to determine whether there are any arguable issues. (*Anders v. California* (1967) 386 U.S. 738, 744; *People v. Wende* (1979) 25 Cal.3d 436.) Defendant has submitted a supplemental letter brief asserting that he received ineffective assistance of counsel prior to the entry of his plea and that the plea was entered under duress. For the reasons explained below, the arguments raised in defendant's supplemental briefs are not cognizable on appeal. Based on our independent review of the record, we find no issue warranting further briefing and therefore shall affirm the judgment. [1]

---

[1] In his supplemental brief, defendant also sought to have his appointed appellate counsel replaced. On May 14, 2014, defendant wrote a second letter to the court seeking an update on the status of his case and his request for new appellate counsel. We have reviewed the record and determined independently that there is no basis for any attorney to file anything other than a *Wende* brief. We therefore deny defendant's request to discharge his appointed counsel.

1

## Factual and Procedural History

According to the probation report, defendant, who was despondent over the loss of his job and the impending loss of his home, drank a 12-pack of malt liquor and used a half-ounce of crack cocaine before deciding to rob a Walmart store. At 4:30 a.m. on March 9, 2013, he went to the store, took a television and, according to the police report, simulated a gun in order to get past security. A witness reported the license number of the truck in which defendant fled and thereafter, the probation report relates, "[a] truck matching the description of the responsible party was located. As the officer attempted to pull the truck over, the driver of the truck, later identified as the defendant, put both hands up above his head and continued to drive. He went into a senior citizen trailer park and drove at a high rate of speed. As he was driving, he rear-ended another officer's patrol car and drove onto a lawn where he collided with a wooden lattice. [¶] As four officers approached the vehicle and ordered the defendant to put his hands up, he refused. He was taken out of the vehicle and once on the ground, placed both arms under his chest near his waist band. Fearing he might have a firearm, he was ordered to give the officer his hands. The defendant did not comply; therefore he was punched numerous times. The defendant continued to resist by keeping his arms underneath him. The defendant was ultimately tased. Once the defendant was placed in handcuffs, he complained he could not breathe and he was dead. Medical personnel responded and the defendant was taken to the . . . hospital."

Defendant plead no contest to second degree robbery (Pen. Code, § 211)[2] and to evading an officer (Veh. Code, § 2800.2). He also admitted one prior strike conviction under section 667, subdivisions (b) through (i). Pursuant to a plea bargain, other charges and enhancements were dismissed. The plea was open to the court with an expectation that the court would consider striking the strike prior.

The court declined to strike the prior and sentenced defendant to seven years four months in state prison. The court imposed the midterm of three years for the robbery,

_____

[2] All statutory references are to the Penal Code unless otherwise noted.

doubled under the second-strike provision of the Three Strikes law, plus a consecutive terms of eight months (one-third the midterm) for the evading charge, again doubled as a second strike. The court awarded defendant a total of 354 days presentence credits and imposed a $60 criminal conviction assessment and an $80 court security fee.

Defendant filed a timely notice of appeal.

## Discussion

Defendant asserts in his supplemental brief that his trial attorney failed to argue that the elements of robbery were not met in this case and gave him poor advice regarding the entry of his plea. Defendant's ineffective assistance of counsel claim is not cognizable on appeal because defendant did not obtain a certificate of probable cause. (§ 1237.5; Cal. Rules of Court, rule 8.304(b)(4); *People v. Hunter* (2002) 100 Cal.App.4th 37, 42.) In all events, we note that the police and probation reports do indicate all elements of a second degree robbery.

Defendant also asserts that his attorney led him to believe that he would receive a significantly shorter sentence because of his plea and that the plea was the product of "duress [caused by] being lock[ed] down 23 hours a day for ten months for no apparent reasons [because] the trial kept getting delayed because of no judge or courtroom to hear the case." Again, absent a certificate of probable cause defendant may not challenge the validity of his plea. (§ 1237.5; Cal. Rules of Court, rule 8.304(b)(4); *People v. Hunter*, *supra,* 100 Cal.App.4th at p. 42.) Moreover, the record reflects that before defendant entered his plea, he was properly advised of the potential sentencing consequences of the plea. Still further, defendant made no motion in the trial court to withdraw the plea.

We find no error with regard to the sentence imposed. The court sentenced defendant to a term authorized by law and consistent with the terms of the negotiated disposition. The court did not abuse its discretion in refusing to strike the prior conviction. While the prior conviction was almost 20 years old, it involved a serious violent felony (voluntary manslaughter) and the present offenses were committed within two years of his release from parole on the prior conviction. Moreover, as the court noted, defendant's conduct in evading the police "could have resulted in any number of people

being seriously injured." Accordingly, we find no error in the trial court proceedings and no arguable issues warranting further briefing or the appointment of new appellate counsel.

## Disposition

The judgment is affirmed.


_____
Pollak, Acting P.J.


We concur:


_____
Siggins, J.


_____
Jenkins, J.