Filed 1/13/15  P. v. Fordley CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065703 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD251846) |
| JOHN FREDRICK FORDLEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In December 2013, John Fredrick Fordley pleaded guilty to assault, being a felon in possession of a firearm, making a criminal threat, attempting to dissuade a witness, unlawfully taking a vehicle, evading an officer and burglary.  At the sentencing hearing, based on Fordley's request, the parties stipulated to modification of

the plea agreement to strike a provision to not prosecute another individual. In accepting this modification, the court explained to Fordley that the District Attorney could file charges against that individual, but there was no promise that charges would be filed.

The trial court imposed a 10-year sentence, comprised of the middle term of six years for the assault charge, plus one-third the middle term, or 8 months, consecutive, for each of the other six counts. Fordley was awarded a total of 76 days credits, comprised of 38 actual days and 38 days of Penal Code section 4019 credits. (Undesignated statutory references are to the Penal Code.) He was ordered to pay victim restitution, in an amount to be determined, and ordered to pay certain fines and fees.

In January 2014, Fordley sent a letter to the court, complaining, among other things, that he was coerced into entering his plea and wanted to withdraw his plea.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. He presented no argument for reversal, but asked this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Under *Anders v. California* (1967) 386 U.S. 738, he listed as possible but not arguable issues, whether (1) his notice of appeal should be liberally construed as to render his challenges to his plea and judgment, as detailed in his letter to the court, cognizable on appeal, (2) if so, was his waiver of his constitutional rights voluntary and knowing, (3) did the court abuse its discretion in ordering a stipulated amount in victim

2

restitution, and (4) are his plea, sentence or restitution orders invalid as a result of ineffective assistance of counsel.

Fordley filed a letter brief claiming (1) his attorney did things he did not want her to do, including speaking to the codefendant and breaking attorney-client confidentiality, (2) he was under duress and on medications when the court accepted his guilty plea, and (3) the district attorney was biased against him and lied. Fordley does not support his contentions with any argument or citations. Under *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error.

Generally, no appeal may be taken from a judgment of conviction on a plea of guilty or no contest. (§ 1237.5; *People v. Hunter* (2002) 100 Cal.App.4th 37, 41.) An exception to this general rule exists where the defendant obtains a certificate of probable cause. (§ 1237.5, subds. (a) & (b).) Fordley did not obtain a certificate of probable cause and thus may not contest the validity of his plea. This includes his claims that he was under duress and on medications when the court accepted his plea and that the district attorney was biased against him and lied. Fordley's claim that his attorney did things he did not want her to do challenges the effectiveness of his counsel in representing him and are more appropriately raised by petition for writ of habeas corpus. (*People v. Avena* (1996) 13 Cal.4th 394, 418-419.)

Following our independent review of the record, we find that no reasonably arguable factual or legal issues exist. Competent counsel has represented Fordley on this appeal.

3

DISPOSITION

The judgment is affirmed.

McINTYRE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

McDONALD, J.