Filed 8/26/15  P. v. Manning CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065566 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD239475) |
| DAVID MANNING, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia Eyherabide, Judge.  Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, and Annie Featherman Fraser, Deputy Attorney General, for Plaintiff and Respondent.

Defendant David Manning was charged with one count of stalking with a court order in effect (Pen. Code, § 646.9, subd. (b)),[1] and it was alleged in connection with the

---

1    All further statutory references are to the Penal Code unless otherwise specified.

stalking count that he had previously been convicted of violating section 422, within the meaning of section 646.9, subdivision (c)(1). It was also alleged he had previously been convicted of violating section 646.9, subdivision (a), within the meaning of section 646.9, subdivision (c)(2). He was also charged with two counts of making a criminal threat (§ 422), and it was alleged he suffered a prior strike (§§ 667, subds. (b)-(i), 1170.12 & 668), a "prison" prior (§§ 667.5, subd. (b) & 668), and a serious felony prior conviction (§§ 667, subd. (a)(1), 668 & 1192.7).

Manning entered into a plea bargain with the prosecution under which he pleaded guilty to the stalking count and admitted the prior strike, in exchange for (1) a stipulated sentence of six years in prison, (2) an agreement the stalking conviction would not be a strike, and (3) dismissal of the other charges and allegations. The court sentenced Manning to six years in prison, awarded 702 days of total custody credits, ordered payment of various fines and fees, and entered a 10-year protective order.

Manning subsequently filed a notice of appeal and obtained a certificate of probable cause. We affirm the judgment.

## FACTS

Manning unlawfully and repeatedly followed another person and made a malicious and credible threat intending to place that person in fear for his safety and, in doing so, violated a valid restraining order prohibiting that behavior.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for

error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. Counsel has identified as possible, but not arguable, issues to be whether the trial court erred in ordering the restitution fine under section 1202.4, subdivision (b), in the amount of $1440, and whether the trial court erred in the protective order it imposed. We granted Manning permission to file a supplemental brief on his own behalf and he has responded, but his response identified no issue that is cognizable on appeal from a guilty plea. (See, e.g., *People v. Hunter* (2002) 100 Cal.App.4th 37, 41-42.)

A review of the record pursuant to *People v. Wende, supra,* 25 Cal.3d 436 and *Anders v. California, supra,* 386 U.S. 738 has disclosed no reasonably arguable appellate issues. Manning has been competently represented by counsel on this appeal.

### DISPOSITION

The judgment is affirmed.

McDONALD, Acting P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.