Filed 6/27/16  P. v. Martin CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B267865 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA080450) |
| v. | |
| ARMANDO MARTIN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Cynthia Ulfig, Judge.  Conditionally reversed and remanded.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant Armando Martin appeals from a judgment after he pleaded no contest to charges in an information of sale, offer to sell or transportation of methamphetamine in violation of Health and Safety Code section 11379, subdivision (a) (count 1) and possession of a firearm by a felon in violation of Penal Code[1] section 29800, subdivision (a)(1) (count 3). Defendant also admitted that he had a prior "strike" conviction within the meaning of sections 667, subdivisions (b) through (j), and 1170.12.

The trial court sentenced defendant to the upper term of four years as to the base term in count 1, which was doubled to eight years for the strike, plus a concurrent term of two years for count 3, which was doubled due to the strike. The court awarded defendant 624 days of presentence credits.

Prior to his plea, the trial court denied defendant's motion for the disclosure of personnel records of two police officers, which were requested pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). The trial court subsequently denied defendant's motion to suppress evidence under section 1538.5.

In this appeal, defendant contends that the trial court erroneously denied his *Pitchess* motion. We conditionally reverse the judgment with directions for further proceedings.

**Prosecution Evidence**

The following facts are taken from defendant's motion to suppress evidence. On April 9, 2014, at around 9:00 p.m., Los Angeles Police Department Officers Naul Lopez and Robert Sewell were driving in a marked patrol car. They observed defendant driving a Mercedes with a middle brake light that did not work. The officers ran the license plate and learned that the vehicle's registration had expired in October 2013. The officers then made a traffic stop of the Mercedes.

Officer Lopez went to the driver's side of the vehicle, while Officer Sewell went to the passenger side. Defendant was on the driver's side and Javier Serna was on the passenger side. Officer Lopez informed defendant of the traffic violations and asked for

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

defendant's license. Defendant responded that he did not have a driver's license with him. Serna informed Officer Sewell that he also did not have any form of identification with him.

After obtaining defendant's and Serna's names and information, the officers conducted a "wants and warrants" check on the two men. The "wants and warrants" check revealed that Serna was on probation with a search term. Officer Lopez testified that he learned of the probation status within five minutes of the traffic stop. The officers searched the passenger compartment of the vehicle and discovered a black sock on the floor behind the driver's seat. The sock contained a clear plastic bag of methamphetamine. After a K-9 unit responded to the location, officers discovered a shotgun in the trunk of the Mercedes.

**Defense Evidence**

Defense counsel argued at the hearing on the motion to suppress evidence that the police did not learn of Serna's status until well after the officers searched the vehicle. In support of the claim, defendant offered a police log from the night in question. The log contains entries describing Serna's probation status at 11:06 p.m. and another at 12:14 a.m.

**The *Pitchess* Motion and the Motion to Suppress Evidence**

On February 26, 2015, defendant filed a *Pitchess* discovery motion. Defendant sought disclosure of "[a]ll complaints from any and all sources relating to acts of aggressive behavior, the violation of constitutional rights, harassment of private individuals, fabrication of charges, fabrication of evidence, fabrication of reasonable suspicion and/or probable cause; illegal search or seizure, false arrest, perjury, dishonesty, writing of false police reports, and any other evidence of misconduct amounting to moral turpitude . . . ."

In support of the discovery request, defense counsel declared that the defense would be that, contrary to the officers' claims, defendant provided his driver's license, proof of insurance and registration when he was asked. Serna did not have any identification. The officers asked if defendant and Serna were on parole or probation.

3

Both denied that they were. After doing the wants and warrants check, the officers told defendant that he was on probation. Defendant responded that he was not, and had been off probation for about five months. Ignoring defendant's statements, the officers got the men out of vehicle and handcuffed them. Although defendant repeatedly told the officers he was not on probation, they told him they were going to search the vehicle. The officers searched the vehicle. While the search was being conducted, officers took defendant's and Serna's fingerprints. Sometime later, they learned that Serna was on probation.

The trial court conducted a hearing on the *Pitchess* motion on March 20, 2015. The trial court initially found that defendant had met the threshold for an in camera hearing. However, after further argument from the prosecutor, the trial court denied the motion. In denying the discovery request, the trial court noted that the defense statement that officers took defendant's and Serna's fingerprints during the search did not make sense nor was it realistic that prints could be taken in field. The defense statement that Serna's probation status was not known until later also did not make sense because the "wants and warrants" check had shown he was on probation.

On September 25, 2015, defendant filed a motion to suppress evidence. On October 16, 2015, the trial court held a hearing on the motion to suppress. In denying the motion, the trial court found credible Officer Lopez's testimony that he knew Serna was on probation prior to searching the vehicle. Defense counsel indicated that he might file a second *Pitchess* motion. After the trial court stated that it would not "relitigate" the *Pitchess* issue, defendant pled no contest to counts 1 and 3.

## DISCUSSION

Defendant claims the trial court erred by denying his *Pitchess* motion, which sought information about Officers Lopez and Sewell. Defendant argues that the case should be remanded to the trial court for an in camera review consistent with his discovery request.

4

## I. Absence of Certificate of Probable Cause

As a preliminary matter, the parties dispute whether the *Pitchess* issue is cognizable on appeal because defendant did not obtain a certificate of probable cause. Appellate courts are limited in the review of issues after a guilty plea and the absence of a certificate of probable cause. (§ 1237.5[2]; *People v. Johnson* (2009) 47 Cal.4th 668, 676-678.) However, the certificate of probable cause requirement does not apply to appeals from judgments based solely on grounds: (1) occurring after entry of the plea which do not challenge the validity of the plea, or (2) involving a search and seizure, if the validity was contested pursuant to section 1538.5. (*Johnson*, at pp. 676-678; *People v. Cuevas* (2008) 44 Cal.4th 374, 379.)

The ruling on a *Pitchess* motion is generally not reviewable after a guilty plea. (*People v. Hunter* (2002) 100 Cal.App.4th 37, 42-43.) However, section 1538.5 provides an exception to the general rule when "the *Pitchess* motion [is] intertwined with litigating the legality of [a] search, the trial court's denial of that motion is cognizable on appeal." (*People v. Collins* (2004) 115 Cal.App.4th 137, 151.) In this case, defendant is correct that the issue is cognizable on appeal because his *Pitchess* motion was intertwined with the legality of the search and seizure, which was the basis of his motion to suppress evidence.

## II. Discovery Under *Pitchess*

In *Pitchess*, our Supreme Court ruled that a criminal defendant may compel the discovery of police officer files with a proper showing that information in them is material to the defense. (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1019 (*Warrick*).) The procedures to obtain the records are set forth in the Evidence and Penal

---

[2] Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable, constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

Codes. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1219-1220.) The personnel records of peace officers are confidential and subject to disclosure only through the discovery procedures set forth in Evidence Code sections 1043 and 1046. (§ 832.7.) The peace officer personnel file includes any file maintained under that individual's name which relates to discipline, complaints, or investigations of complaints in which the officer participated. (§ 832.8.)

To obtain discovery of a peace officer personnel file, the defendant must file a noticed motion supported by a good cause affidavit setting forth (1) the materiality of the request to the pending litigation and (2) a reasonable belief that the agency has the records or information. (Evid. Code, § 1043; *Warrick*, *supra*, 35 Cal.4th at p. 1019; *People v. Collins*, *supra*, 115 Cal.App.4th at p. 150.) "This two-part showing of good cause is a 'relatively low threshold for discovery.' [Citation.]" (*Warrick,* at p. 1019.)

"[A] showing of good cause requires a defendant seeking *Pitchess* discovery to establish not only a logical link between the defense proposed and the pending charge, but also to articulate how the discovery being sought would support such a defense or how it would impeach the officer's version of events." (*Warrick*, *supra*, 35 Cal.4th at p. 1021.) Good cause may be established by "a specific factual scenario of officer misconduct that is plausible when read in light of the pertinent documents." (*Id*. at p. 1025.) "[A] plausible scenario of officer misconduct is one that might or could have occurred. Such a scenario is plausible because it presents an assertion of specific police misconduct that is both internally consistent and supports the defense proposed to the charges." (*Id*. at p. 1026.)

If good cause is shown, the trial court conducts an in camera examination of the records to determine whether there is any relevance to the issues presented by the litigation. (Evid. Code, § 1045; *Warrick*, *supra*, 35 Cal.4th at p. 1019.) These procedures balance the confidentiality of peace officers against the defendant's need for disclosure to pursue his or her defense. (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 85-86.)

The trial court has broad discretion in ruling on whether an in camera hearing is required. (*Haggerty v. Superior Court* (2004) 117 Cal.App.4th 1079, 1086.) We review the trial court's ruling for an abuse of discretion. (*People v.v. Cruz* (2008) 44 Cal.4th 636, 670; *Pitchess, supra*, 11 Cal.3d at p. 535.)

In this case, defendant contended that the two officers searched the vehicle prior to obtaining any information that Serna was on probation. Defendant claimed that the officers did not learn of Serna's probation until sometime after the vehicle was searched. Defense counsel's declaration indicated that defendant told officers that he was not on parole or probation. Defendant also disputed that he failed to produce his driver's license when the officers made the initial stop. Thus, defendant maintained that the officers fabricated a portion of evidence surrounding the search and seizure of the vehicle. As the trial court initially determined, this was sufficient to establish the threshold for the in camera hearing.

However, the trial court determined that the *Pitchess* motion should be denied because defense counsel's declaration indicated that defendant and Serna were fingerprinted in the field during the search. The trial court determined that these assertions of the facts "made no sense." In *Warrick*, *supra*, 35 Cal.4th 1011, our Supreme Court concluded that good cause for *Pitchess* discovery only requires that the defendant present a factual scenario of police misconduct that "might or could have occurred." (*Warrick*, at p. 1026.) Furthermore, "a credibility or persuasiveness standard at the *Pitchess* discovery stage" is inconsistent with statutory and decisional law requiring only a defense counsel affidavit on information and belief. (*Warrick*, at p. 1026.) *Warrick* further explained that the factual scenario "may consist of a denial of the facts asserted in the police report." (*Id.* at pp. 1024-1025.) The trial court's conclusions about the plausibility or credibility of defendant's claims are not consistent with *Warrick*. Evidence that Officers Lopez and Sewell had fabricated evidence in other cases would have been pertinent to their credibility in conducting the search which led to the arrest. Under the circumstances, the trial court should have granted the in camera hearing.

Although we conclude that the trial court should have granted the in camera hearing, an outright reversal is not the appropriate remedy. "[T]he proper remedy when a trial court has erroneously rejected a showing of good cause for *Pitchess* discovery and has not reviewed the requested records in camera is not outright reversal, but a conditional reversal with directions to review the requested documents in chambers on remand." (*People v. Gaines* (2009) 46 Cal.4th 172, 180.) On remand if the court determines there is no pertinent information in the requested documents, the judgment must be reinstated. (*Id*. at pp. 181-183.)

In this case, defendant claims, if the new *Pitchess* hearing results in discoverable information, the remedy should include an opportunity to present evidence and argument that he was prejudiced in presenting his motion to suppress. The issue of the officers' alleged misconduct in searching the vehicle is pertinent to the motion to suppress. Thus, defendant is correct that the motion to suppress should be reconsidered in light of any discoverable evidence which is disclosed during the new *Pitchess* proceeding.

## DISPOSITION

The judgment is conditionally reversed and the matter is remanded for further proceedings. The trial court is directed to conduct a new *Pitchess* hearing to view the officers' personnel files and to permit discovery of relevant information. If relevant information is disclosed, defendant shall have the opportunity to present evidence and argument that the failure to disclose the information was prejudicial to defendant's motion to suppress, in which case the trial court shall conduct a new hearing on the motion to suppress. If no relevant information is in the confidential files, the judgment is to be reinstated.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.          CHAVEZ, J.

8