Filed 6/6/24  P. v. Mollison CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>SHAWNDRA MOLLISON,<br><br>        Defendant and Appellant. | C099277<br><br>(Super. Ct. No. 2022CR0089050) |

Appointed counsel for defendant Shawndra Mollison filed an opening brief asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant filed a supplemental brief.  Having reviewed the record and defendant's arguments, we affirm the judgment.

BACKROUND

In July 2022, defendant hit her mother in the head several times, causing a lump, swelling, redness, and bruises.  The People charged defendant with battery resulting in

1

serious bodily injury (Pen. Code, § 243, subd. (d))[1] and assault likely to produce great bodily injury (§ 245, subd. (a)(4)). The People further alleged defendant was previously convicted of a strike offense.

Defendant pleaded guilty to the assault charge and admitted the prior strike. The People agreed defendant would be given a *Cruz/Vargas*[2] waiver. If defendant appeared at her sentencing hearing, the charge would be reduced to a misdemeanor and she would serve no more than 364 days in jail; if she failed to appear, there was no such agreement. The relevant portions of the colloquy with the trial court were as follows:

"[THE COURT]: Now, the agreement is that if you comply with that requirement that you appear on the date and time I set, what will in fact happen is that the People will not oppose a motion to reduce [the assault conviction] to a misdemeanor allowing you to serve only 364 days in the county jail as credits and no probation. Do you understand that?

"[THE DEFENDANT]: Yes."

After her plea was entered, the trial court again advised defendant:

"[THE COURT]: I will continue sentencing to November 1st, 8:30 this department. [Defendant], do not be even one minute late, okay? Because if you are, deal [is] off. You've got to be here on that date and at that time. Any question about that?

"[THE DEFENDANT]: No."

Defense counsel was not available November 1 and requested to schedule the hearing on November 8, which was granted. Defendant executed the waiver, agreeing to appear for sentencing on November 8, 2022, at 8:30 a.m. She then failed to appear. At a subsequent hearing, defendant argued her failure to appear was a mistake. She claimed

---

[1] Further undesignated statutory references are to the Penal Code.

[2] *People v. Cruz* (1988) 44 Cal.3d 1247; *People v. Vargas* (1990) 223 Cal.App.3d 1107.

she arrived at the court at 1:00 p.m. instead of 8:30 a.m.  The trial court found her not credible and in violation of her *Cruz* waiver.

At sentencing, the trial court denied defendant's motion to strike her prior strike and sentenced her to the midterm of three years, doubled to six years for the prior strike. The court ordered defendant to pay various fines and fees and awarded her 349 days of custody credit.  Defendant appealed without a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the filing of the opening brief.  Defendant filed a supplemental brief raising four claims.

First, defendant challenges the evidence of the underlying offense as well as the evidence that she failed to appear in court.  Defendant cannot challenge the sufficiency of evidence on appeal because she appealed from her plea without a certificate of probable cause.  (*People v. Hunter* (2002) 100 Cal.App.4th 37, 42.)

Next, defendant argues the trial judge had a conflict.  Defendant has forfeited this claim on appeal by failing to raise it in the trial court.  (*People v. Samuels* (2005) 36 Cal.4th 96, 114.)

Third, defendant claims trial counsel was ineffective because they failed to timely file a notice of appeal.  This court granted defendant's motion to deem the notice of appeal timely filed.  No further relief can be granted on this claim, rendering it moot. (See *In re D.P.* (2023) 14 Cal.5th 266, 276.)  To the extent defendant's claim of ineffective assistance also challenges the propriety of events leading to her plea, she cannot raise that claim on appeal without a certificate of probable cause.  (See *People v. Stubbs* (1998) 61 Cal.App.4th 243, 244-245.)

3

Finally, defendant claims she was entitled to "extra credit" as a result of work she did "for the jail."  She points to no evidence in the record to support this claim. Accordingly, this claim also is forfeited.  (See Cal. Rules of Court, rule 8.204(a)(1)(C); see also *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239.)

DISPOSITION

The judgment is affirmed.


                                          /s/
                                      Duarte, J.

We concur:


    /s/
Robie, Acting P. J.


    /s/
Wiseman, J.\*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.